Elmer B. HARPER and Joseph H. Kraus,
Plaintiffs,

v.

A. M. SONNABEND, Defendant and
Third-Party Plaintiff,

v.

B. H. HADLEY, INC., Third-Party
Defendant.

United States District Court
S. D. New York.
April 25, 1960.

Shearman & Sterling & Wright, New York City, for plaintiffs (Robert L. Clare, Jr., Morton M. Maneker, New York City, of counsel).

Hays, Sklar & Herzberg, New York City, for third-party defendant (Ben Herzberg, Alvin H. Schulman, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

The third-party defendant removed this case from the New York Supreme Court and plaintiffs bring this motion to remand.

Plaintiffs, one of whom is a citizen of Massachusetts, sued defendant Sonnabend, also a citizen of Massachusetts, in the State Court for broker's commissions. Defendant Sonnabend impleaded the third-party defendant, claiming that by reason of an agreement it would be liable over to him if plaintiffs succeed.

While no diversity exists between plaintiffs and defendant Sonnabend, diversity does exist between defendant Sonnabend and the third-party defendant since it is a Delaware corporation with its principal office in California. Relying on such diversity the third-party defendant removed the entire case to this court.

The statutory authority since 1948 for such removal is 28 U.S.C. § 1441(c), which reads as follows:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, · may remand all matters not otherwise within its original jurisdiction."

■ The Supreme Court has had only one occasion to construe this section. In American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, we are told that the new statutory test of removability requires that the controversy be not merely separate or separable but that it also must be independent of the nonremovable controversy.

■ The Tenth Circuit (Snow v. Powell, 189 F.2d 172) and many district courts have had occasion to pass on the problem and it is not an exaggeration to say that at least on the surface the field luxuriates in a riotous uncertainty. Rather than add to it by further discussion we hold, after reviewing all these cases that plaintiffs' motion should be granted. We have come to this determination by finding that the third-party suit is not separate *and* independent as required. In fact it does not state a claim, except in futuro. In the nature of things it might be completely non-existent. Even if in the exercise of our discretion we were to leave it in this court and remand the principal action it would be a futile gesture since at this time it states no claim except one that would come into being when, as and if the plaintiffs are successful in the original action. Whether it is "joined with" plaintiffs' claim, as those words are used in the statute, we do not decide.

Motion to remand granted.

Settle order.