BURLINGHAM, UNDERWOOD, BARRON, WRIGHT & WHITE, a co-partnership, Plaintiff,

v.

LUCKENBACH STEAMSHIP COMPANY, Inc., Defendant.

LUCKENBACH STEAMSHIP COMPANY, Inc., Third-Party Plaintiff,

v.

FIREMAN'S FUND INSURANCE COMPANY, Third-Party Defendant.

United States District Court
S. D. New York.
Sept. 13, 1962.

Burlingham, Underwood, Barron, Wright & White, New York City, for plaintiff; Norman M. Barron, Robert B. Pohl, New York City, of counsel.

Bentley & Owens, New York City, for defendant and third-party plaintiff; Robert W. Owens, Jr., Edward S. Bentley, New York City, of counsel.

Arthur N. Seiff, New York City, for third-party defendant; Arthur N. Seiff, S. S. Goldsmith, New York City, of counsel.

LEVET, District Judge.

These are motions by the plaintiff and the defendant Luckenbach Steamship Company, Inc. (hereinafter "Luckenbach") to remand this case to the New York State Supreme Court whence it was removed on the petition of the third-party defendant, Fireman's Fund Insurance Company (hereinafter "Fireman's").

Plaintiff, a New York law firm, sued Luckenbach in the New York Supreme Court to recover legal fees and disbursements made in connection with services rendered in the defense and settlement of claims arising out of a fire on a Luckenbach pier in Brooklyn. Luckenbach served a third-party complaint upon Fireman's, alleging that Fireman's was liable to Luckenbach for "the fair and reasonable compensation and disbursements of the plaintiff" under a certain policy of insurance issued by Fireman's to Luckenbach. Luckenbach is a Delaware corporation with its principal place of business in New York City. Fireman's is a California corporation with its principal place of business in that state.

Fireman's then removed the entire suit to this court, alleging in its petition that (1) under Title 28 U.S.C. § 1441(b) this court had original jurisdiction by virtue of diversity of citizenship, and (2) under 28 U.S.C. § 1441(c) the third-party complaint asserted a separate and independent claim or cause of action which would have been removable if sued upon alone.

For the reasons set forth below, the motions are granted and the case remanded to the New York Supreme Court.

The provisions of the Judicial Code, 28 U.S.C., on which the removal is premised, provide in pertinent part:

" § 1441. Actions removable generally

\* \* \* \* \* \*

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ Short shrift can be made of Fireman's removal based on subsection (b). The courts agree that the mere existence of diversity of citizenship between a defendant and a third-party defendant does not authorize removal under this subsection. Harper v. Sonnabend, D.C.S.D.N.Y.1960, 182 F.Supp. 594; Marshall v. Navco, Inc., D.C.D.Tex.1957, 152 F.Supp. 50; 1A, Moore, Federal Practice ¶ 0.157 [7] at 263 n. 8; ¶ 0.167 [10] at 1053 (2 ed. 1961) (hereinafter cited as "Moore").

A more difficult problem arises regarding the proposed removal under subsection (c), 28 U.S.C. § 1441. This subsection authorizes removal of the entire suit where a "separate and independent claim or cause of action" which could have been removed if sued upon alone "is joined with" other non-removable causes of action. The problem arises from the words "is joined with" and the statute's silence as to whether this has reference only to claims joined by the plaintiff or whether it also includes claims introduced by a defendant through third-party practice.

The courts which have squarely faced the problem have taken divergent views.

Some have allowed removal by a third-party defendant if the third-party complaint states a separate and independent claim or cause of action. Industrial Lithographic Co. v. Mendelsohn, D.C.D. N.J.1954, 119 F.Supp. 284; President and Directors of Manhattan Co. v. Monogram Assoc. Inc., D.C.E.D.N.Y.1949, 81 F.Supp. 739. Others have denied the power of a third-party defendant to remove without any consideration of whether a separate and independent claim or cause of action is stated in the third-party complaint. Shaver v. Arkansas-Best Freight System Inc., D.C.W.D. Ark.1959, 171 F.Supp. 754; Sequoyah Feed & Supply Co. v. Robinson, D.C. W.D.Ark.1951, 101 F.Supp. 680. The commentators are unanimous that a third-party defendant cannot remove, 1A, Moore, ¶ 0.167 [10] at 1052; 1 Barron and Holtzoff, Federal Practice and Procedure § 105, at 492 n. 73, 500 n. 79.1.

In this district, the cases which have involved the problem have assumed sub silentio the power of a third-party defendant to remove, but have remanded the cases after finding a lack of a separate and independent cause of action. Harper v. Sonnabend, supra; cf. Chemical Corn Exchange Bank v. Hause, D.C. S.D.N.Y.1958, 159 F.Supp. 148.

■ After reviewing all the authorities, it is my opinion that the more persuasive reasoning lies with those denying the power of a third party to remove. The vast majority of federal courts view a third-party claim as ancillary to the main action, 3 Moore ¶ 14.26 at 494–499. This is forcefully demonstrated by viewing the jurisdictional requirements for such claims. On the one hand, if jurisdiction exists in an action instituted originally in a federal district court, the court has jurisdiction over a third-party claim even though the third-party claim is not otherwise within federal jurisdiction. Dery v. Wyer, 2 Cir. 1959, 265 F.2d 804. Correlatively, lack of federal jurisdiction over the main claim is not supplied by the introduction of a third-party claim as to which federal jurisdiction

would exist if asserted in an independent action. Ferreira v. Sawayama-Kisen KK, D.C.S.D.N.Y.1959, 171 F.Supp. 96. Thus, a third-party claim can neither confer nor deprive a federal court of jurisdiction.

It seems anomalous to allow a party, whose jurisdictional attributes are irrelevant to the main claim, to remove the entire suit to another court. Removal on such a basis is too much akin to the tail wagging the dog. (1A, Moore ¶ 0.167 [10] at 1052.) This is particularly true where, as here, the main claim is not otherwise within federal jurisdiction.

This construction, allowing removal only by a plaintiff's defendant, is in full keeping with the directive of the Supreme Court in Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214:

"* * * The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress [28 U.S.C. § 71 (1940), the prior removal statute] must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts [citation]."

In that case, the Supreme Court denied removal to a plaintiff against whom a counterclaim had been asserted notwithstanding that under state procedure the plaintiff was denominated a defendant with respect to the counterclaim.

However, it is precisely this admonition to uniformity expressed in the Shamrock case, supra, that forms the basis for the position of those courts which allow third-party removal. This is stated by Judge Meaney in Industrial Lithographic Co. v. Mendelsohn, supra, 119 F.Supp. at 286:

"If the removal statute is to be uniform in its application, construc-tion should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, McKesson & Robbins, Inc. might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law, * * *."

What seems to be forgotten is that allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power. While the alternative is a somewhat circuitous procedure in the state courts, the balance lies clearly in favor of curtailing the exercise of the federal judicial power over controversies which do not have their own basis for federal jurisdiction. As was stated in the Shamrock case, supra 313 U.S. at 108–109, 61 S.Ct. at 872:

"* * * The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' * * *"

[ ▮ Realizing that the removal statute is to be strictly construed, I believe the proper construction of this purely statutory right negatives the removal power in a third-party defendant. Pro-

548

fessor Moore well states the argument (1A, Moore ¶ 0.167 [10] at 1053):

" * * * The purely statutory right of removal is a limited right that is not to be expanded by judicial construction. If the original defendants have no right to remove the plaintiff's suit, or if the original defendants have chosen not to exercise their right of removal, why should an ancillary defendant to an ancillary claim be construed, absent an express statutory declaration, to have the right to remove and defeat the main parties' choice of the state forum? * * * "

Accordingly, the removal by the third-party defendant Fireman's was improper and the case is remanded to the New York State Supreme Court, New York County, without the imposition of costs on any of the parties.

Settle order on notice.