**Opal W. RAGER, Plaintiff,**

v.

**John Boscoe CRAMPES, Defendant and Third-Party Plaintiff,**

v.

**Hoover WILLIAMS and Edward Panter, Third-Party Defendants.**

**No. 957.**

United States District Court
W. D. Kentucky,
Bowling Green Division.

Oct. 17, 1963.

Alfred Naff, Hopkinsville, Ky., for plaintiff.

Coleman, Harlan & Orendorf, Bowling Green, Ky., Trimble, Soyars & Breathitt, Hopkinsville, Ky., Charles Gill, Elkton, Ky., for defendant and third-party plaintiff.

Bell, Orr & Reynolds, Bowling Green, Ky., for third-party defendants.

SWINFORD, District Judge.

This is an automobile accident case that was commenced in the Todd Circuit Court. The defendant, a citizen of Georgia, filed a third-party claim against two North Carolina citizens charging that they were either solely responsible for the collision or that they are liable to him to the extent of his liability to the plaintiff. The third-party defendants then filed a petition for removal of the third-party claim to this Court. The case stands submitted on the motion of the defendant and third-party claimant to remand to the State Court.

The basis of the motion is that venue is determined by 28 U.S.C.A. § 1391 which provides that diversity cases shall be brought in the judicial district where all the plaintiffs or all the defendants reside. This does not govern venue in removed cases however, for 28 U.S.C.A. § 1441 provides that an action that has been commenced in a state court may be removed to the federal district court for the division and district where the state

action is pending. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1953).

The real difficulty with this case is that the Court can find no ground for exercising subject matter jurisdiction. The third-party defendants have not sought to remove the whole case but only the third-party claim. Federal jurisdiction can only attach to a case by some express authorization of the Constitution or Acts of Congress. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chisholm v. Georgia, 2 Dallas 419, 2 U.S. 419, 1 L.Ed. 440 (1793). The third-party defendants have referred to no such authorization for removal jurisdiction over a third-party claim independently of the other phases of the action and the Court can find none.

28 U.S.C.A. § 1441 defines the removal jurisdiction of the federal district courts. In subsections (a) and (b) the subject phrases are "any civil action" and "any other such action". These expressions would seem to comprehend the entire civil action, and not its several parts or phases. Subsection (c) contemplates the division of a civil action into segments as to which federal jurisdiction may attach severally but it does not fit the present context. It provides that:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The third-party claim, at least to the extent that it seeks to impose derivative liability, is not separate and independent of the action brought by the original plaintiff. The third-party complaint charges that the third-party defendant is liable to the third-party plaintiff for whatever amount the original plaintiff recovers in this action. This is a matter that cannot be determined as between the parties which the petition for removal seeks to bring before this Court. The third-party claim is dependent, not independent, of the determination of the issues raised by the pleadings of the original plaintiff and defendant. What the third-party plaintiff should recover on his claim cannot be ascertained until his liability to the original plaintiff is fixed. The Court is confirmed in its view of the matter by the decisions in Manternach v. Jones County Farm Service Co., N.D.Iowa, 156 F.Supp. 574 (1957) and Marshall v. NAVCO, Inc., S.D.Tex., 152 F.Supp. 50 (1957).

An order sustaining the motion of the third-party plaintiff to remand this case to the Todd Circuit Court is this day entered.