WAYRYNEN FUNERAL HOME, INC., a Montana Corporation, and Ray Wayrynen and Mrs. Ray Wayrynen, Plaintiffs,

v.

J. G. LINK & COMPANY, a Co-Partnership of J. G. Link and Elmer F. Link, Thomas B. Lutey, an individual doing business as Lutey Construction Co., Aetna Casualty and Surety Company, a Corporation, Western Iron Works, Inc., a Montana Corporation, and Republic Steel Corporation, a Corporation, Defendants.

Thomas B. LUTEY, doing business as Lutey Construction Company, a Montana Corporation, Cross-Complainant,

v.

WAYRYNEN FUNERAL HOME, INC., a Montana Corporation, Cross-Defendant.

J. G. LINK & COMPANY, a Co-Partnership of J. G. Link and Elmer F. Link, Cross-Complainant,

v.

WAYRYNEN FUNERAL HOME, INC., a Montana Corporation, and Ray Wayrynen and Mrs. Ray Wayrynen, Cross-Defendants.

J. G. LINK & COMPANY, a Co-Partnership of J. G. Link and Elmer F. Link, Third-Party Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY, an Illinois Corporation, Third-Party Defendant.

No. 1574.

United States District Court
D. Montana,
Butte Division.

Jan. 22, 1968.

Poore, McKenzie, Roth & Robischon, Butte, Mont., for plaintiffs.

Lee Overfelt, Billings, Mont., for defendant J. G. Link & Co.

McCaffery & Peterson, Butte, Mont., for Thomas B. Lutey and Aetna Casualty & Surety Co.

Maffei & Harrington, Butte, Mont., for Western Iron Works.

Corette, Smith, Dean & Wellcome, Butte, Mont., for Republic Steel Corp.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for Continental Casualty Co.

## MEMORANDUM AND OPINION

MURRAY, Senior District Judge.

This action was commenced in the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow.

Plaintiffs are citizens of Montana and sue several defendants, alleging negligence in the design and construction of a mortuary building and apartment, and a breach of warranty in the fitness of the building for the purpose intended.

Some of the defendants, i. e., J. G. Link & Co., a co-partnership, and J. G. Link and Elmer F. Link, citizens of Montana, filed a third-party complaint against Continental Casualty Co., alleging that said third-party defendant is their insurance carrier and as such has refused to undertake the defense of the defendants Link, third-party plaintiffs, and has denied any and all liability under the policy, and praying that the third-party plaintiffs recovered their costs and attorney fees in defending the case, and for a declaratory judgment that the third-party defendant is liable for any judgment obtained by plaintiff and that "all that may be adjudged against the defendants (third-party plaintiffs) be recovered from the third-party defendant.

The third-party defendant, a citizen of Illinois, removed the case to this court on the basis of diversity of citizenship and the jurisdictional amount being involved. The plaintiffs have moved to remand and ask payment of costs by reason of the removal. The third-party plaintiffs do not resist the motion to remand.

Plaintiffs contend that the third-party defendant is not entitled to remove under

Section 1441(c) of Title 28, U.S.C.A.[1] The third-party defendant, on the other hand, contends that under said section a third-party defendant may remove the entire case if the third-party claim is a separate and independent claim which could be removed if sued alone.

Both the plaintiffs and the third-party defendant agree that if the case is removable, the court should exercise its discretion and remand the original case, but retain jurisdiction only of the third-party action.

This court has not ruled on the question of whether a claim, introduced into the action by a third-party claim, affords the basis for removal. There is a split of authority on the question. The plaintiffs rely on the position taken by Professor Moore and the cases cited by him. 1A, Moore's Federal Practice, 1048 to 1053.

The court has in the case of Lauf v. Nelson, D.C., 246 F.Supp. 307, applied the reasoning of Professor Moore to the effect of claims introduced by way of intervention on the right of removal. And we continue to adhere to that position. The considerations behind that ruling and the problem before us here are not the same. And it is to be noted that there does not seem to be the same split in the authorities with reference to intervention as exists with reference to third-party claims.

■ All courts agree that a third-party claim cannot afford a basis for removal unless the "separate and independent claim or cause of action" of Section 1441(c) exists.

Professor Moore and the cases supporting him take the position that a third-party claim cannot be the basis of a removal even though it would have been removable by the third-party defendant if the claim had been sued on alone. Se-

quoyah Feed & Supply Co. v. Robinson, D.C., 101 F.Supp. 680. Their position is simply that Section 1441(c) only permits removal by a party defending against claimed joined by the plaintiff. Their reasoning is that an "ancillary defendant to an ancillary claim" should not be construed to have the right to remove and thus defeat the plaintiff's choice of forum unless such a right be given by express statutory authority. 1A, Moore 0.167(10) at 1053. The Professor seems to feel that all third-party claims are ancillary. That view assumes the answer to the very question which determines removability.

■ Support for their position is also based on the admonition to uniformity in the application of the removal statute contained in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 at 104, 61 S.Ct. 868, 85 L.Ed. 1214. The court in that case, at 108–109, 61 S.Ct. at 872, further directed federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined". Likewise the court should not shirk its jurisdiction, In re President and Fellows of Harvard College, 1 Cir., 1945, 149 F.2d 69.

The cases are in direct conflict and it would serve no purpose to try to reconcile them.

■ Those cases which take a position contrary to Moore, in the first place do not construe 1441(c) as narrowly as does he. Conceding that the statute must be construed strictly, it does not appear that the language of the statute requires only those claims or causes of action joined by the original plaintiff to form the basis of removal. See cases cited in footnote 15, page 1051 of 1A Moore's Federal Practice.

These cases, just as does Moore, rely on the admonition of the Supreme Court

---

1. § 1441. Actions removable generally

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

in the Shamrock case, supra, to uniformity in the application of the removal statute. In the case of Industrial Lithographic Co. v. Mendelsohn, D.C., 119 F. Supp. 284, the court said:

"The court is aware of the view of Professor Moore in his Commentary on the U. S. Judicial Code, p. 252, wherein it is stated that 'we do not believe that any claim introduced into the action by counter-claim, cross-claim, third-party claim, intervention or garnishment should afford the basis for removal.' It has also considered the case of Sequoyah Feed & Supply Co., Inc. v. Robinson, D.C.W.D.Ark.1951, 101 F.Supp 680, which followed Professor Moore's reasoning. Yet it would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100 at page 104, 61 S.Ct. 868 at page 870, 85 L.Ed. 1214, 'The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.'

"If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, McKesson & Robbins, Inc. might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law, as would appear to be the effect of Professor Moore's dictum and the opinion in the Sequoyah case."

It seems to this court that the uniformity desired is more fully attained by following the rationale of the Mendelsohn case.

█ Is the third-party claim here "separate and independent"? Judge Jameson of this court has discussed the question of what constitutes a "separate and independent claim" in the cases of Rosen v. Rozan, D.C., 179 F.Supp. 829, and Lauf v. Nelson, supra.

The original action is based on negligence and breach of warranty under a contract to design and build. The third-party claim is for a declaratory judgment and is based on a failure or refusal to undertake the defense of the defendant, third-party plaintiff, and a denial of liability under an insurance policy. A mere statement of the claims discloses that the third-party claim is separate and independent of the original claim. Rafferty v. Frock, D.C., 135 F.Supp. 292. The third-party claim is certainly distinct from the original claim, based on a separate contract and denial of liability thereunder, and a different act (the refusal to defend). See also Hartford Accident & Indemnity Co. v. Shaw, 8 Cir., 273 F.2d 133, footnote 2 at 135; White v. United States Fidelity & Guaranty Co., 1 Cir., 356 F.2d 746.

This court then holds that if a third-party claim is a separate and independent claim it may be removed under 1441(c).

█ The court then in the exercise of its discretion may remand the original action and retain the third-party claim. In the posture of this case it seems the very thing to do and by so doing all the parties in both cases will have preserved to them the forum to which they are independently entitled.

Since the entire case was removable, attorney fees and costs are denied plaintiff.

Third-party defendant will prepare a proper order giving effect to this opinion.