**FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY**

v.

**PORT LAVACA VENDING MACHINES, INC., et al.**

v.

**SUTHERLAND DISTRIBUTING COMPANY.**

Civ. A. No. 70–V–25.

United States District Court,
S. D. Texas,
Victoria Division.

May 26, 1971.

**376**

Lawrence A. Dio, Port Lavaca, Tex., and R. D. Cullen, Victoria, Tex., for plaintiff.

Richard Thornton, Galveston, Tex., for defendant and cross-plaintiff.

O. F. Jones, Victoria, Tex., for cross-defendant, Sutherland Distributing Co.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

The original cause was filed in the 135th District Court, Calhoun County, Texas, under No. 6781, by First National Bank and Trust Company of Oklahoma City against Port Lavaca Vending Machines, Inc., Ted Dunnam and Clyde Dabbs. While the original petition is not before this Court, it appears from the other pleadings that the original suit is on a promissory note executed by Port Lavaca Vending Machines, Inc., and guaranteed by Dunnam, who filed an answer in the original suit, and at the same time Ted Dunnam filed a cross-action for damages, alleging several grounds for relief, including fraud, against the Plaintiff bank, Defendant Dabbs, and Third-Party Defendant Sutherland Distributing Company (brought into this suit for the first time by said cross-action) as cross-defendants. For the purpose of this opinion, the Court assumes that the three cross-defendants are nonresidents of Texas. It is, therefore, clear that the cross-action, if filed as an original complaint, could have been filed in this Court.

Cross-defendant Sutherland Distributing Company, being the only party not already committed to the state court, alone, removed the entire cause to this Court. Cross-defendant Dabbs has moved to remand said cause to the state court.

Whether a third-party defendant may, under any circumstances, remove a case to the United States District Court under Section 1441(c) of Title 28, is an issue over which the courts are fairly evenly divided. The case of Burlingham, Underwood, Barron, etc. v. Luckenbach S.S. Co., 208 F.Supp. 544 (S.D.N.Y.1962), and the cases cited therein hold that the third-party defendant cannot under any circumstances remove a case from the state court in which it was originally filed to the Federal Court.

Other cases support the rule that a third-party claim may be removed if it

is a "separate and independent" cause of action. Wayrynen Funeral Home, Inc. v. J. G. Link & Co., 279 F.Supp. 803 (D.Mont.1968), and Marshall v. Navco, Inc., 152 F.Supp. 50 (S.D.Tex.1957). We are of the opinion that this latter rule is the more reasonable one.

Defendants Dunnam and Port Lavaca Vending Machines, Inc., have answered the original petition of the bank, disputing the amount due on the note that they owe not more than $6,000, that any change in the original arrangement made by said Defendants originally came about through misrepresentation, fraud or mistake, and that the amount of the note has been changed, which has increased the guarantee of the Defendant Dunnam beyond his original commitment; and the cross-action filed by Dunnam as cross-plaintiff claims damages for the fraud and negligence of the cross-defendants because of changes in the original arrangements and because the amount of the note was changed, all being based upon the same facts about which the cross-plaintiff complains in his answer to the suit of the bank. While there are some other issues in the third-party action not involved in the original suit, including the measure of damages suffered by Mr. Dunnam, nevertheless, proof of the basic cause of action of Dunnam against Sutherland Distributing Company will involve the same facts as are contained in the basic defense of Mr. Dunnam and Port Lavaca Vending Machines, Inc., to the claim originally filed in the state court.

Consequently, this Court is of the opinion that there is not an independent and separate cause of action removed in this cause, and the motion of Defendant Dabbs to remand is granted. Marshall v. Navco, Inc., supra. It is therefore

Ordered that this cause be, and it is hereby, remanded; and the Clerk is directed to mail a certified copy of this order to the District Clerk of the 135th Judicial District Court in and for Calhoun County, Texas, from which this cause was originally removed.