**TED LOKEY REAL ESTATE COMPANY, Plaintiff,**

v.

**W. H. "Bill" GENTRY and J. W. Robinson, Jr., et al., d/b/a Ro-Gen Enterprises, a partnership, Defendants and Third-Party Plaintiffs,**

v.

**DIAMOND SHAMROCK CORPORATION, Third-Party Defendant.**

**No. CA–2–1137.**

United States District Court,
N. D. Texas,
Amarillo Division.

Jan. 12, 1972.

Robert R. Sanders, Sanders, Miller & Baker, Amarillo, Tex., for plaintiff.

Earnest L. Langley, Witherspoon, Aikin, Thomas & Langley, Hereford, Tex., for defendants and third-party plaintiffs.

W. M. Sutton, Underwood, Wilson, Sutton, Heare & Berry and W. E. Notestine, Amarillo, Tex., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

Plaintiff filed its original petition in the State District Court of Deaf Smith County, Texas, alleging certain sums due and owing them by the defendants and resulting from warranties contained in a written contract between the parties dated July 31, 1970. This contract involved the purchase by the plaintiff of 50% of the outstanding shares of stock in a corporation known as Grow Investments, Inc., from the defendants. The warranty and indemnity clauses of the contract provided that defendants would indemnify plaintiff and the corporation and hold them harmless from the payment of taxes and amounts which might be owing by the corporation. After the purchase it developed that certain taxes and other debts were due and owing. The indemnity was for the benefit of the plaintiff in this case as well as Grow Investments, Inc.

Defendants then filed, in the State court, their third-party action against Diamond Shamrock Corporation alleging that the bulk of the indebtedness sought to be collected in plaintiff's original petition resulted from the failure of the Diamond Shamrock Corporation to pay the United States of America certain taxes due on diesel fuel. They allege that these taxes had been collected from defendants by an agent of Diamond Shamrock Corporation and that Diamond Shamrock Corporation had, by virtue of the collection of these diesel fuel taxes from the defendants, become liable for the payment of same to the United States of America.

Diamond Shamrock Corporation then filed its petition for removal to the United States District Court, Northern District of Texas, Amarillo Division, alleging its right of removal under the provisions of 28 U.S.C. § 1441(c).

The defendants (third-party plaintiffs) have filed a motion for remand which is opposed by the third-party defendant. Plaintiff has filed its brief in opposition to the motion to remand.

Initially, the right of removal in this case resolves itself into the proper answer to two questions:

(1) Is the cause of action asserted against Diamond Shamrock Corporation by the original defendants in this case a separate and independent claim from that asserted in the plaintiff's claim against the defendants?

(2) If it is a separate and independent claim, does the right of removal belong to a third-party defendant, such as Diamond Shamrock Corporation, or is this right of removal only in original defendants?

It is not difficult to resolve the first question in the affirmative as it clearly appears that the cause of action asserted against Diamond Shamrock Corporation is a separate and independent claim. It should be kept in mind

that the original cause of action asserted by the plaintiff is on a written contract dated July 31, 1970 by and between the plaintiff and the defendants. The warranties in the contract and the promise of indemnity contained in the contract are the subject of the plaintiff's claim originally filed in State court.

However, the cause of action asserted by the defendants as third-party plaintiffs against Diamond Shamrock Corporation is based upon certain alleged representations and instructions made by an agent of Diamond Shamrock to the third-party plaintiffs in which it is alleged that Diamond Shamrock Corporation collected certain diesel fuel taxes through their agent and failed to pay them to the United States Government for the benefit of the third-party plaintiffs. These are matters which occurred prior to the date of the contract between plaintiff and defendants, and there is nothing alleged to show that the actions of Diamond Shamrock in any way induced the contract sued upon in the plaintiff's claim and the Court does not find any other connection between such causes of action. Third-party plaintiffs could maintain their cause of action against Diamond Shamrock Corporation independent of the matters sued upon in plaintiff's complaint. This is not to state that third-party plaintiffs have such a cause of action, but if they do, there is nothing to prevent their cause of action from being a new and independent and separate action from that asserted by the plaintiff.

The second question is one that has not been resolved in the Fifth Circuit. In Central of Georgia Railway Company v. Riegel Textile Corporation, 426 F.2d 935 (5th Cir., 1970), the Court stated:

"The cases are hopelessly divided on whether and under what circumstances a third party defendant may remove to federal court."

Although the *Georgia Railway* case does not resolve the question before this Court concerning the right of removability by a third-party defendant, it does stand as authority for the relief which is hereinafter granted.

■ However, in order to resolve an answer to the second question above, this Court does find that a third-party defendant has the right to remove a separate and independent cause of action to a United States District Court.

It would be unduly restricting the interpretation of Title 28, U.S.C. § 1441(c) to hold otherwise. The reasonable interpretation of this particular statute is to the effect that a third-party action is a claim or cause of action which has been joined with otherwise non-removable claims, and therefore the entire case may be removed.

Although Moore's Federal Practice indicates that only a defendant should have the right to remove, and not a third-party defendant, it would seem that the better ruling is as that expressed in Industrial Lithographic Co., Inc. v. Mendelsohn, 119 F.Supp. 284 (U.S.D.C.D.N.J., 1954) and Wayrynen Funeral Home, Inc. v. J. G. Link & Company, 279 F.Supp. 803 (U.S.D.C.D.Mont., 1968). Each of these cases expressly hold to the view, as does this Court, that a third-party defendant has the right to remove a separate and independent cause of action to the United States District Courts and that this right is not given solely to the defendant by § 1441(c), Title 28, U.S.C.

■ Further, this Court is of the opinion that the identical relief should be afforded in this case as was afforded in the *Central of Georgia Ry. Company* case, *supra,* the *Industrial Lithographic* case, *supra,* and the *Wayrynen Funeral Home, Inc.* case, *supra,* above. In each of these the Court has ordered, or approved a lower court order, to the effect that the courts should exercise the discretion authorized under § 1441(c) and remand for consideration by the State court all of the matters contained in the plaintiff's original petition filed in the State court and that it should deny the motion to remand the cause of action asserted by the defendants against third-party defendant.

It is therefore ordered and decreed that:

## I.

The plaintiff's original cause of action and petition filed in the 69th District Court of Deaf Smith County, Texas, is hereby remanded to that Court for trial on its merits and the Clerk of this Court will furnish a certified copy of this order to that Court. The Clerk of this Court will also make copies of the original pleadings in the State Court which are on file herein and attach the original of same to this order for transmission to the State Court, retaining copies thereof for the files in this case.

## II.

The motion for remand filed herein by the defendants is denied to the extent that this Court will retain jurisdiction of the cause of action asserted by the defendants in their third-party complaint against Diamond Shamrock Corporation.

## III.

The Court does not rule on the plaintiff's motion for summary judgment as that is a matter which should be reserved for action by the State trial court.