LOWE'S OF MONTGOMERY, INC.

v.

Hugh V. SMITH, Jr.

v.

CHASE MANHATTAN CORPORATION,
a corporation, et al.

JENKINS BRICK COMPANY, INC.

v.

Hugh V. SMITH, Jr., et al.

v.

CHASE MANHATTAN CORPORATION,
a corporation, et al.

Tal CARPENTER, d/b/a Tal Carpenter
Plumbing Company

v.

Hugh V. SMITH, Jr., etc.

v.

CHASE MANHATTAN CORPORATION,
a corporation, et al.

CENTRAL BANK OF MONTGOMERY,
a corporation

v.

COMMUNITY DEVELOPMENT COMPA-
NY, INC., a corporation, et al.

v.

CHASE MANHATTAN CORPORATION,
a corporation, et al.

DUERINGER CORPORATION, INC.,
a corporation

v.

Hugh SMITH, etc.

v.

CHASE MANHATTAN CORPORATION,
a corporation, et al.

Billy H. MANCIL, d/b/a B. H. Mancil
Construction Company

v.

Hugh V. SMITH, Jr.

v.

CHASE MANHATTAN CORPORATION,
a corporation, et al.

Civ. A. Nos. 77–184–N to 77–189–N.

United States District Court,
M. D. Alabama, N. D.

June 8, 1977.

Richard H. Dorrough, Jones, Murray, Stewart & Yarbrough, Montgomery, Ala., for plaintiff Lowe's of Montgomery, Inc., in case number 77–184–N.

George H. B. Mathews, Montgomery, Ala., for plaintiff Jenkins Brick Co., Inc., in case number 77–185–N.

Robert T. Meadows, III, Robison, Belser, Brewer & Mancuso, Montgomery, Ala., for plaintiff Tal Carpenter, d/b/a Tal Carpenter Plumbing Co., in case number 77–186–N.

Jack Crenshaw, Crenshaw & Minor, Montgomery, Ala., for plaintiff Central Bank of Montgomery, case number 77–187–N.

Charles N. Parnell, III, Montgomery, Ala., for plaintiff Dueringer Corp., Inc., case number 77–188–N.

James W. Cameron, Cameron & Cameron, Montgomery, Ala., for plaintiff Billy H. Mancil, d/b/a B. H. Mancil Const. Co., case number 77–189–N.

Gatewood A. Walden, Montgomery, Ala., for defendant and third-party plaintiff in these cases.

Macbeth Wagnon, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., for third-party defendants Chase Manhattan Corp. and Chase Manhattan Realty Capital Corp.

Thomas W. Thagard, Jr., Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for third-party defendant Housing Investment Corp. of Florida.

## MEMORANDUM OPINION

JOHNSON, District Judge.

These six cases, consolidated for purposes of this memorandum and order, involve suits by various materialmen, lienholders, and other creditors of Hugh V. Smith and Sybil M. Smith growing out of the Rolling Hills construction project. The Smiths in their answers filed in the state court actions, which actions were subsequently removed to federal court, have attempted to bring in Chase Manhattan Corporation (CMC), Chase Manhattan Realty Capital Corporation (Realty Capital), and Housing Investment Corporation (HIC) as third-party defendants. All three have filed motions to dismiss. CMC's and Realty Capital's motions are based on a lack of personal jurisdiction. HIC's motion is based on a failure to state a claim on which relief can be granted and on the Smiths' failure to allege a breach of a partnership agreement in that there is no partnership. Because the Court determines that it is without jurisdiction over these actions, the pending motions must await remand to the state court for resolution.

In their petitions for removal, the third-party defendants allege jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and amount in controversy. These jurisdictional allegations are based on the third-party claims and not the main claims. In each of the main claims, plaintiff and defendant(s) are residents of Alabama. In each of the third-party claims, the third-party plaintiff(s) and third-party defendants are of diverse citizenship. Therefore, the Court must determine at the threshold whether the fact that the third-party claims, if sued on alone, could be brought in federal court is sufficient to support federal jurisdiction over the entire action when sought to be removed by the third-party defendants.

The general removal statute, 28 U.S.C. § 1441, provides in pertinent part:

(a) . . . [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441.

For jurisdictional purposes, third-party claims are viewed as ancillary to the main claim and therefore do not require a separate basis for jurisdiction. The corollary to this rule is that "lack of federal jurisdiction over the main claim is not supplied by the introduction of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an independent action." 1A Moore, Federal Practice ¶ 0.167, at 413.

The problem with regard to removed cases is threefold. First, is a third-party defendant a "defendant" within the meaning of Section 1441(a)? Second, is application of Section 1441(c) limited to claims which are joined by the original plaintiff? Third, is the third-party claim sufficiently unrelated to the main claim as to be "separate and independent" and therefore removable? *See* 1A Moore, Federal Practice ¶ 0.167.

Both the leading commentators on federal procedure, Professors Wright and Moore, would deny third-party defendants the right to remove based on the third-party claim. *See* 1A Moore, Federal Practice ¶ 0.167; 14 Wright & Miller, Federal Practice & Procedure § 3731. First, they interpret "defendant" in Section 1441(a) to exclude third-party defendants. 1A Moore, *supra* ¶ 0.167; 14 Wright & Miller, *supra* § 3731. Second, they both agree that the commentators are of the view that Section 1441(c) is applicable only to claims joined by the plaintiff. *See* 14 Wright & Miller, *supra* § 3724. Finally, they note that the majority of cases which have considered the problem have concluded that the third-party defendant is not entitled to remove the case. 1A Moore, *supra* ¶ 0.167; 14 Wright & Miller, *supra* § 3724. Professor Wright dismisses those cases which have allowed third-party defendants to remove with the following argument:

> Analysis of those decisions that have permitted removal on the basis of third-party claims . . . makes it readily apparent that their reasoning is somewhat strained and that Section 1441(c) should not be interpreted as authorizing removal in these cases. In one of the most common situations—a third-party claim or cross-claim for indemnification—it is apparent that a separate and independent claim or cause of action is not presented. Even in situations in which third-party claims or cross-claims are factually or legally so different from the main suit that they are separate and independent, it seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed. Of course, if removal under Section 1441(c) were allowed, it is possible for the court, in its discretion, to remand the jurisdictionally insufficient main case. But pursuing this course would increase the number of preliminary procedural steps necessary for selecting the forum and would vitiate some of the economy sought to be achieved by extending Section 1441(c) to third-party claims . . . ..

14 Wright & Miller, *supra* § 3724, at 645–46 (footnotes omitted). Having reviewed the position of the commentators, some exemplary cases now will be examined.

As has been noted by one judge when faced with deciding a third-party removal claim, "it is not an exaggeration to say at least on the surface the field luxuriates in a riotous uncertainty." *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y.1960). Those courts which have refused removal have based their results on one of two theories. One line of cases has proceeded under the theory that Section 1441(c) is applicable only to claims that are joined by the original plaintiff, thus denying the third-party defendant the right to remove. This line of cases is represented by the decision in *Greater New York Mutual Insurance Co. v. Anchor Construction Co.,* 326 F.Supp. 245 (E.D.Pa.1971), and *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.,* 208 F.Supp. 544 (S.D.N.Y.1962). In the *Greater New York* case, there was original federal jurisdiction between the original plaintiff and defendant and between the original defendant and the third-party defendant on the basis of diversity and amount in controversy. Noting that jurisdiction of federal courts is limited

and should be declined in doubtful cases and also that the intent of Congress in passing the 1948 amendments to the removal statute was to further limit the right of removal, the court in *Greater New York Mutual Insurance Co.* held that Section 1441(c) does not permit removal by third-party defendants. 326 F.Supp. at 249.

In *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co., supra,* the court reached the same result on the following analysis:

> After reviewing all the authorities, it is my opinion that the more persuasive reasoning lies with those denying the power of a third party to remove. The vast majority of federal courts view a third-party claim as ancillary to the main action . . . .. This is forcefully demonstrated by viewing the jurisdictional requirements for such claims. On the one hand, if jurisdiction exists in an action instituted originally in a federal district court, the court has jurisdiction over a third-party claim even though the third-party claim is not otherwise within federal jurisdiction. . . . Correlatively, lack of federal jurisdiction over the main claim is not supplied by the introduction of a third-party claim as to which federal jurisdiction would exist if asserted in an independent action. . . . Thus, a third-party claim can neither confer nor deprive a federal court of jurisdiction.
>
> It seems anomalous to allow a party, whose jurisdictional attributes are irrelevant to the main claim, to remove the entire suit to another court. Removal on such a basis is too much akin to the tail wagging the dog. . . . This is particularly true where, as here, the main claim is not otherwise within federal jurisdiction. . .

208 F.Supp. at 546–47 (citations omitted).

Another line of cases denies removal on the ground that the third-party claim fails to meet the "separate and independent" test set out in Section 1441. In *Westwood Development Co. v. Higley,* 266 F.2d 555 (5th Cir. 1959), the Fifth Circuit applied this theory in denying removal. *Westwood* involved a suit by various homeowners against the builder. The reason for the litigation was that houses which had been built over a sanitary land fill began to sink and that, after a rain, the homeowners could detect the odor of garbage. The builder impleaded the administrator of the Veterans Administration on the ground that the VA had approved the plans and conducted periodic inspections. In particular, the VA had advised the builder on the kind of base on which to build after core samples had shown raw garbage beneath the surface. The court refused to allow removal on jurisdictional grounds, stating:

> This was not [a separate and independent claim or cause of action, which would be removable if sued upon alone]. Indeed, for purposes of removal, strictly speaking the claim against Higley, on which the removal was based, was no action at all. It was an action over, a warning claim, a stand by and defend notice. For this purpose it amounted to no more than a formal notice of the pendency of the suit and a warning that Higley was involved in, and would be bound by, the result of the action into which he had been impleaded.

266 F.2d at 558. In *Rager v. Crampes,* 223 F.Supp. 346 (W.D.Ky.1963), the court refused to allow removal in an automobile accident case in which the defendant, a citizen of Georgia, filed a third-party claim against two North Carolina citizens alleging "that they were either solely responsible for the collision or that they are liable to him to the extent of his liability to the plaintiff." 223 F.Supp. at 346. The court based its refusal to allow removal on the ground that there was no subject matter jurisdiction.

> The third-party claim, at least to the extent that it seeks to impose derivative liability, is not separate and independent of the action brought by the original plaintiff. The third-party complaint charges that the third-party defendant is liable to the third-party plaintiff for whatever amount the original plaintiff recovers in this action. This is a matter that cannot be determined as between the parties which the petition for removal seeks to bring before this Court.

223 F.Supp. at 347.

As noted earlier, there are cases which have allowed a third party to remove. Careful research has turned up only seven such cases, the most frequently cited of which is *Industrial Lithographic Co. v. Mendelsohn,* 119 F.Supp. 284 (D.N.J.1954), wherein the court stated:

If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, McKesson & Robbins, Inc. might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law, as would appear to be the effect of Professor Moore's dictum . . . .

119 F.Supp. at 286. *See also, e. g., Myers v. Cain,* 287 F.Supp. 352 (D.Mont.1968); *Wayrynen Funeral Home, Inc. v. J. G. Link & Co.,* 279 F.Supp. 803 (D.Mont.1968). This argument based on uniformity derives from the Supreme Court's opinion in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 869, 85 L.Ed. 1214 (1941), wherein the Court stated:

The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.

The *Industrial Lithographic* position has been countered effectively by Judge Levet in *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co., supra.*

What seems to be forgotten [in those cases in which the third-party defendant is allowed to remove] is that allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power. While the alternative is a somewhat circuitous procedure in the state courts, the balance lies clearly in favor of curtailing the exercise of the federal judicial power over controversies which do not have their own basis for federal jurisdiction. As was stated in the *Shamrock* case, *supra* 313 U.S. at 108–109, 61 S.Ct. at 872:

" * * * The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' * * * "

Realizing that the removal statute is to be strictly construed, I believe the proper construction of this purely statutory right negatives the removal power in a third-party defendant.

208 F.Supp. at 547.

Three cases which have rejected Professor Moore's position that a third-party defendant may not remove are from the Texas district courts. In *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741 (N.D. Tex.1972), the court held that "a third-party defendant has the right to remove a separate and independent cause of action". 336 F.Supp. at 743. In the other two cases, although the courts paid lip service to the "right" of a third-party defendant to remove, the courts granted motions to remand on the ground that the third-party claims failed to meet the separate and independent test. *First National Bank & Trust Co. v. Port Lavaca Vending Machines, Inc.,* 334 F.Supp. 375 (S.D.Tex.1971); *Marshall v. Navco, Inc.,* 152 F.Supp. 50 (S.D.Tex.1957).

In summary, it is seen that both the leading commentators on federal procedure and the great majority of district court cases have not allowed removal by a third-party defendant. The only Fifth Circuit decision to face the issue refused on jurisdictional grounds to allow removal. Therefore, this Court concludes that the better-reasoned position, and the position which the Court now adopts, is to limit the right of removal to those claims joined by the original plaintiff on the ground that the joinder of a third-party claim by defendant to an otherwise non-removable action does not invest the Court with jurisdiction. Support for this position is found in a recent Fifth Circuit decision, which because of the unique considerations regarding the Federal Employers Liability Act (FELA), is not directly in point and, thus, not controlling. In *Gamble v. Central of Georgia Railway Co.* 486 F.2d 781 (5th Cir. 1973), the defendant railroad in an FELA action impleaded a foreign corporation which built and maintained the loading platform involved in the accident out of which the litigation arose. The basis for the impleader was an indemnification agreement between the railroad and the third-party defendant. Pursuant to 28 U.S.C. § 1445, FELA actions filed in state court are non-removable. The issue which was before the Fifth Circuit was whether the third-party defendant could remove under 28 U.S.C. § 1441(c), which would involve removing the entire action including the FELA claims. The Fifth Circuit refused to allow the removal.

It is mandated by the Constitution, Article III, Sec. 2, that Congress has the sole power to fix the jurisdiction of the federal courts and it follows that when Congress has deprived the federal courts of jurisdiction in certain cases, the courts cannot *ad hoc* reinvest themselves with that jurisdiction, either in "individual cases" or otherwise. . . .

Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level.

486 F.2d at 785. Just as Congress has unequivocally declared that the federal courts are without jurisdiction over FELA suits filed first in state court, so too has Congress declared that actions between plaintiffs and defendants of the same state which do not involve questions of federal law are to be tried in state courts. It is precisely this respect for the limits of the federal judicial power which influenced Judge Levet in *Burlingham, Underwood, Barron, Wright & White* and which influences this Court. As has been recognized since the Supreme Court's decision in *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1869), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when jurisdiction ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." 74 U.S. (7 Wall.) at 514. Rather than dismissing these cases, the Court will remand each of them to the state court from which it came. The various motions which are pending will remain undecided by this Court.

An order will be entered accordingly.