**Donald GARNAS, Plaintiff,**

v.

**AMERICAN FARM EQUIPMENT COMPANY, Division of AFE Industries, Inc., Defendant and Counter–Claimant,**

v.

**Donald GARNAS, Counter–Claimee and Third–Party Plaintiff,**

v.

**MILBANK MUTUAL INSURANCE COMPANY, Third–Party Defendant.**

**Civ. No. A3–80–78.**

United States District Court, D. North Dakota, Southeastern Division.

Nov. 24, 1980.

John D. Kelly, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N.D., for plaintiff on complaint.

Richard A. Clapp, Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, N.D., for plaintiff on counterclaim only.

Stephen W. Plambeck, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N.D., for American Farm Equipment Co.; John R. Doyle, McDermott, Will & Emery, Chicago, Ill., of counsel.

Richard N. Jeffries, Cahill, Gunhus, Grinnell, Jeffries, Klinger, Vinje & Swenson, Moorhead, Minn., for Milbank Mut. Ins. Co.; Harold Halgrimson, Fargo, N.D., of counsel.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Plaintiff in the above entitled action filed suit in Cass County District Court, East Central Judicial District of North Dakota against defendant American Farm Equipment Company (AFE). AFE received notice of the action no later than March 20, 1980. Plaintiff alleges on December 2, 1976, he ordered a 1977 American Automated Grain Dryer from G. E. S. Industries[1] which was delivered to him on or about October 31, 1977; the grain dryer was expressly warranted for a five year period; and in 1979, AFE refused to honor the warranty and repair defects in the grain dryer. Plaintiff further alleges that as a result of AFE's failure to repair, the grain dryer is now inoperable. Pleading theories of breach of express and implied warranty as well as strict liability in tort, plaintiff alleges a loss of $21,000 due to dryer damage and depreciation, $7,500 due to loss of use of the grain dryer and $2,500 in out–of–pocket expenses.

---

1. Although plaintiff purchased the grain dryer from G. E. S. Industries, he is suing AFE as the "legal successor in interest" to G. E. S. Industries.

Filing its answer in state court,[2] defendant AFE denied plaintiff's allegations and, in its counterclaim, alleges plaintiff owes AFE $29,892.00, the value of a grain dryer which AFE had loaned to plaintiff on August 1, 1977 for use until plaintiff received his new grain dryer. The loaned grain dryer was destroyed by fire on October 16, 1977, while in plaintiff's possession.

In response to the counterclaim, plaintiff, as third–party plaintiff, seeks indemnity from third–party defendant, Milbank Mutual Insurance Company (Milbank), should plaintiff be found liable on the counterclaim. Milbank, a South Dakota corporation, removed the case to this court on July 1, 1980. Removal jurisdiction is based on the satisfaction of the jurisdictional requirements of 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $10,000. Because defendant AFE has not joined with third–party defendant Milbank in the removal petition,[3] Milbank bases its removal on 28 U.S.C. § 1441(c) which states as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non–removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Milbank contends the indemnity action is removable as a "separate and independent claim or cause of action." This issue need not be decided, however, in view of the fact that Milbank is a third–party defendant and, as such, may not remove an action. *See Shaver v. Arkansas–Best Freight System, Inc.*, 171 F.Supp. 754, 762 (W.D.Ark. 1959); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. 245, 246 (E.D.Pa.1971).

The Supreme Court, construing a removal statute which has since been repealed,[4] stated the language of the statute evidenced "the Congressional purpose to restrict the jurisdiction of the federal courts on removal.... " *Shamrock Oil and Gas Corporation v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Further, the Court stated "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Id.* This policy of strict construction has prompted a number of courts to limit § 1441 removal rights to defendants only, excluding third–party defendants.[5] *See, e. g., Lowe's of*

---

2. Plaintiff was and is a resident of North Dakota; defendant is a corporation with its home office and headquarters in Illinois and Georgia and the amount in controversy totals $33,-000.00, satisfying the jurisdictional requirements of 28 U.S.C. § 1332. The defendant could have removed the action to federal court pursuant to 28 U.S.C. § 1441(a), but chose not to do so.

3. Joinder of all defendants in the removal petition is required by 28 U.S.C. § 1441(a) which states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

For cases interpreting § 1441(a) *see Bradley v. Maryland Casualty Co.*, 382 F.2d 415 (8th Cir. 1967) (citing numerous cases in support of the joinder requirement at 419); *Friedrich v. Whit-taker Corp.*, 467 F.Supp. 1012 (S.D.Tex.1979). *See also* 14 Wright, Miller and Cooper, Federal Practice and Procedure § 3731, at 718 (1976).

4. The general removal statute under consideration was 28 U.S.C. § 71 (1940), § 28 of the Judicial Code of 1911.

5. The commentators also support the view that the removal statute does not include third–party defendants:

> We believe that the reference in the general removal statute, § 1441, is only to *plaintiff's* defendants and does not include such defendants as third–party defendants, cross–claim defendants, and other parties that are not defending a claim asserted against them by the plaintiff. ... This view is in accord with the *Shamrock* case, and with the tenets of statutory construction that the right of removal is strictly construed. ... If the plaintiff and the plaintiff's defendants must, or have chosen to, adjudicate their suit in a state forum, we fail to find any statutory

*Montgomery, Inc. v. Smith*, 432 F.Supp. 1008, 1013 (M.D.Ala.1977); *Fiblenski v. Hirschback Motor Lines, Inc.*, 304 F.Supp. 283 (W.D.Ark.1969); *Sequoyah Feed and Supply Co. v. Robinson*, 101 F.Supp. 680 (W.D.Ark.1951); *Croy v. Buckeye International Inc.*, 483 F.Supp. 402 (D.Md.1979); *White v. Baltic Conveyor Co.*, 209 F.Supp. 716 (D.N.J.1962); *Burlingham, Underwood, Barron, Wright and White v. Luckenback Steamship Co.*, 208 F.Supp. 544 (S.D.N.Y. 1962); *Mid–State Homes, Inc. v. Swain*, 331 F.Supp. 337 (W.D.Okl.1971); *Greater New York Mutual Insurance Co., supra; Cannon v. Goodyear Tire and Rubber Co.*, 241 F.Supp. 23 (E.D.S.C.1965). *See also Fountain Park Cooperative v. Bank of America National Trust and Savings Association*, 289 F.Supp. 150, 153 (C.D.Cal.1968); *Holloway v. Gamble–Skogmo, Inc.*, 274 F.Supp. 321 (N.D.Ill.1967); *Folts v. Richmond*, 480 F.Supp. 621, 625 (E.D.Va.1979).

The courts are not unanimous in the strict construction of § 1441(c) and some courts have allowed removal by a third–

right clearly given to other type defendants, by the general removal § 1441, to choose a federal forum.

1A Moore's Federal Practice ¶ 0.157[7], at 116 n.8 (2d ed.1979). Professor Wright is in accord with this view:

Analysis of those decisions that have permitted removal on the basis of third–party claims, cross–claims, or counterclaims makes it readily apparent that their reasoning is somewhat strained and that Section 1441(c) should not be interpreted as authorizing removal in these cases. In one of the most common situations–a third party claim or cross–claim for indemnification–it is apparent that a separate and independent claim or cause of action is not presented. Even in situations in which third–party claims or cross–claims are factually or legally so different from the main suit that they are separate and independent, it seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed.

14 Wright, Miller and Cooper, Federal Practice and Procedure § 3274 at 645–46 (1976) (footnote omitted).

For further discussion of the right of third party defendants to removal under 28 § U.S.C. § 1441 *see* Annot., 8 A.L.R. Fed. 708 (1971).

**6.** This minority view is apparently dwindling. Third–party defendant Milbank cites an Ala-

party defendant.[6] *See Coleman v. A & D Machinery Co.*, 298 F.Supp. 234, 236 (E.D. Cal.1969); *Wayrynen Funeral Home, Inc. v. J. G. Link & Co.*, 279 F.Supp. 803 (D.Mont. 1968); *Ted Lokey Real Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D.Tex.1972). Although these cases cannot be reconciled with the majority view, this court will adopt the majority rule in accord with the congressional intent to limit removal jurisdiction.[7] *Shamrock Oil and Gas Corporation, supra. See also Smith v. St. Luke's Hospital*, 480 F.Supp. 58, 60, 61 (D.S.D. 1979). The court concurs with the view of the Arkansas court as set out in its seminal decision concerning removal by a third–party defendant, *Sequoyah Feed and Supply Co. v. Robinson, supra.* In its decision to limit § 1441 removal to defendants, the court stated the following:

[The court has] no desire to deprive any defendant of its right to remove, but is simply of the opinion that the Congress has not created such a right in this in-

bama district court decision, *Gamble v. Central of Georgia Railway Co.*, 356 F.Supp. 324 (M.D. Ala.), *rev'd on other grounds*, 486 F.2d 781 (5th Cir. 1973), in support of the proposition that third–party defendants may remove. That proposition has now been rejected by the Alabama court. *See Lowe's of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008 (M.D.Ala.1977) ("[T]his court concludes that the better–reasoned position, and the position which the court now adopts, is to limit the right of removal to those claims joined by the original plaintiff on the ground that the joinder of a third–party claim by defendant to an otherwise non-removable action does not invest the court with jurisdiction." *Id.* at 1013).

**7.** The procedural setting of the case under consideration is unique in that plaintiff, as third–party plaintiff, has initiated the third–party complaint against the third–party defendant Milbank. Rule 14(b) of the Federal Rules of Civil Procedure provides for this procedure. Rule 14(b) states "[w]hen a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so." Removal under § 1441(c) is improper nonetheless under the view that a third–party defendant is not a defendant within the meaning of § 1441. *See* 1A Moore's Federal Practice ¶ 0.167[10] at 420 n.30 (1979).

stance. The Congress could have done so, but had it so intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases.

*Id.* at 682.

In the twenty–nine years since this opinion was published, Congress has not modified the language of § 1441, and this court will not do so by judicial fiat.

Third–party defendant Milbank has also moved to sever the third–party claim against it from the remaining claims in the action, but consistent with its holding the court is without jurisdiction to sever.

IT IS ORDERED the case is remanded to Cass County District Court, East Central Judicial District of North Dakota, and under cover of a certified copy of this order of remand, all original filings in this case subsequent to removal will be mailed to the clerk of the state court.

IT IS FURTHER ORDERED the motion to sever the third–party claim from the main action is denied.