Daniel Irving **RAFFERTY**

v.

Harry Franklin **FROCK**
and
Robert Menchey Milligan, Third-Party
Plaintiff (**CITIZENS' CASUALTY
COMPANY OF NEW YORK**, Third-
Party Defendant).

Civ. No. 8475.

United States District Court
D. Maryland, Civil Division.

Nov. 9, 1955.

Gould Gibbons, Sachs & Sachs, Balti-
more, Md., for plaintiff.

Stanford I. Hoff and Sponseller &
Hoff, Westminster, Md., for Robert Men-
chey. Milligan, third-party plaintiff.

David K. Ebersole, Jr., Baltimore, Md.,
for Citizens Casualty Co., third-party
defendant.

THOMSEN, Chief Judge.

Rafferty brought a tort action in the
Circuit Court for Carroll County, Mary-
land, against Frock, the driver, and
Milligan, the owner, of an automobile.
Milligan filed a third-party complaint
against Citizens' Casualty Company of
New York, alleging that he was the
holder of an "Automobile Liability" pol-
icy issued by that company, a copy of
which was filed with the third-party
complaint, and brief portions of which
were quoted therein.

Citizens' Casualty Company filed a
petition for removal, together with the
customary bond and a copy of the proc-
ess and pleading served upon it. The
petition alleged that both the original
plaintiff and the third-party plaintiff
are citizens of Maryland and that the
Casualty Company is a New York cor-
poration. Shortly thereafter Rafferty,
the original plaintiff, filed a motion to
remand on the ground that the action
is not removable, and the Casualty Com-
pany filed a motion to dismiss the third-
party complaint.

A. Section 1441(c) of Title 28 U.S.
C.A., as enacted by the Act of June 25,
1948, c. 646, 62 Stat. 937, provides:

"Whenever a separate and inde-
pendent claim or cause of action,
which would be removable if sued

upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The new statute is quite different from the old provisions authorizing the removal of "separable controversies", which controlled the decision in Brown v. Hecht Co., D.C.Md.1947, 78 F.Supp. 540, in which Judge Chesnut discussed the difference between a "separable controversy" and a "separate controversy".

■ The controversy between Milligan and the Casualty Company is "a separate and independent claim or cause of action, which would be removable if sued upon alone". Therefore, the entire case was properly removed to this court; but this court, in the exercise of its discretion, will remand to the Circuit Court for Carroll County the matters involved in the controversy between Rafferty on the one hand and Frock and Milligan on the other. These matters would not "otherwise", i. e. apart from sec. 1441(c), have been within the original jurisdiction of this court. They raise questions of negligence; the controversy between Milligan and the Casualty Company involves questions of contract; they should be kept separate; Northwestern Nat. Ins. Co. v. Samuel R. Rosoff, Ltd., 195 Md. 421, 73 A.2d 461; Lee's, Inc., v. Transcontinental Underwriters, D.C.Md., 9 F.R.D. 470, 471. This partial remand is also supported by the Maryland rule against the injection into a tort case of the fact that the defendant is insured. International Co. v. Clark, 147 Md. 34, 42, 127 A. 647.

■ B. Before ruling on the motion to dismiss the third-party complaint, I will require the Casualty Company, pursuant to sec. 1447(b), to file with the clerk of this court copies of all records and proceedings in the Circuit Court for Carroll County, including a copy of the insurance policy and all endorsements

thereon. And, since the third-party complaint does not show clearly what relief is prayed, I will permit the third-party plaintiff, Milligan, to file an amended complaint against the Casualty Company within thirty days, if he wishes to do so.

I will sign appropriate orders giving effect to these rulings.