Frank **FIBLENSKI** d/b/a Frank's Produce, Plaintiff,

v.

**HIRSCHBACK MOTOR LINES, INC.,** Defendant,

**FIRESTONE TIRE & RUBBER CO.,** Third-Party Defendant,

South Carolina Insurance Co., Intervenor.

No. J–68–C–38.

United States District Court
E. D. Arkansas,
Jonesboro Division.

Sept. 30, 1969.

---

3. I do not have to consider the impact of the effective date of the judgment in deciding these cases.

William L. Owen, Moses, McClellan, Arnold, Owen & McDermott, Little Rock, Ark., for plaintiff.

Richard A. Reid, Blytheville, Ark., for defendant.

Frank J. Glankler, Jr., Memphis, Tenn., and H. G. Partlow, Jr., Blytheville, Ark., for third party defendant.

Chester C. Lowe, Jr., Little Rock, Ark., for intervenor.

## Memorandum Opinion

HENLEY, Chief Judge.

This diversity case presents an interesting question of federal removal jurisdiction which the Court has raised on its own motion. At the invitation of the Court counsel for the principal parties submitted informal memorandum briefs.

On June 13, 1968, a collision occurred in Mississippi County, Arkansas, between a tractor trailer belonging to plaintiff and a similar vehicle belonging to the defendant, Hirschback Motor Lines, Inc. Apparently, the accident happened when defendant's vehicle was in the process of passing plaintiff's vehicle, and a blowout of one of the tires of defendant's vehicle was a contributing cause of the accident. The tire was manufactured by the third party defendant, Firestone Tire and Rubber Co.

On September 4, 1968, plaintiff filed suit against defendant for property damage and cargo loss in the Circuit Court of Chickasawba District of Mississippi County. The amount of the demand was $20,000.

There was and is complete diversity of citizenship between plaintiff and defendant, and the defendant unquestionably could have removed the case to this Court under the provisions of 28 U.S.C.A. § 1441(a). Instead of doing so, defendant filed an answer in the State court and also filed a third party complaint againse Firestone alleging negligence and breach of warranty in connection with the manufacture and sale of the blownout tire and seeking judgment over against Firestone should plaintiff recover against defendant or, alternatively, for contribution from Firestone as a joint tort feasor.

There was and is complete diversity of citizenship between Firestone, on the one hand, and both plaintiff and defendant, on the other hand, and the amount demanded by defendant from Firestone was potentially more than $10,000.

Within thirty days after being brought into the case, Firestone filed a petition and bond for removal of the case from the Circuit Court to this Court. Thereafter additional pleadings were filed, an insurance company intervened in the case, and some discovery was had. It was at this stage of the case that the Court upon reviewing the file raised the jurisdictional question.

Section 1441(a) provides that, except as otherwise provided by Act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Section 1446(a) of Title 28, U.S.C.A., provides that a "defendant or defendants" desiring to remove a case from a State court to a federal court may do so by filing a verified petition in the federal court containing a short and plain statement of the facts which entitle him or them to remove together with a copy

of all process, pleadings, and orders served upon him or them in such action.

As is well known, the right of a litigant to remove a case to a federal court is entirely statutory, and the removal statute is to be construed strictly. The question presented is whether the right of removal conferred by the statute upon a "defendant" or "defendants" may be exercised by a third party defendant, like Firestone, or whether it is limited to a "plaintiff's defendant," like Hirschback.

Somewhat strangely, this precise question seems not to have been passed upon by the federal courts, although those courts have had occasion to pass upon the question of whether a third party defendant can remove under the "separate and independent claim or cause of action" provision of section 1441(c), which is not involved in this case.

The question is posed and answered by Professor Moore as follows, (1A Moore's Federal Practice, 2d Ed., ¶0.-157[7], f.n. 8, pp. 263–264):

*"Must the defendant be a plaintiff's defendant?—*We believe that the reference in the general removal statute, § 1441, is only to *plaintiff's* defendants and does not include such defendants as third-party defendants, cross-claim defendants, and other parties that are not defending a claim asserted against them by the plaintiff * * *. This view is in accord with (Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214) and with the tenets of statutory construction that the right of removal is strictly construed * * *. If the plaintiff and the plaintiff's defendants must, or have chosen, to adjudicate their suit in a state forum, we fail to find any statutory right clearly given to other type defendants, by the general removal § 1441, to choose a federal forum. On the other hand the policy underlying §§ 1442 and 1442a, which provide for removal of suits by federal officers and members of the armed forces, is such, we believe, that

the officer need not be a plaintiff's defendant."

Professor Moore is of the opinion that the right to remove a case under section 1441(c) is limited to plaintiff's defendants and is not available to third party defendants. Moore, op. cit., ¶0.-167(10), p. 1052. And the federal courts in Arkansas have agreed with him in cases arising under that section. Sexton v. Allday, E.D. Ark., 221 F.Supp. 169; Shaver v. Arkansas-Best Freight System, W.D. Ark., 171 F.Supp. 754; Sequoyah Feed & Supply Co. v. Robinson, W.D. Ark., 101 F.Supp. 680.

The Court is persuaded that the rule that has been applied in section 1441(c) cases is equally applicable to a case like this one where removal has been attempted under section 1441(a). It follows that the case must be remanded and it will be so ordered.