**AVCO AURORA INDUSTRIAL BANK, Plaintiff,**

v.

**Delbert K. CLINE, Lucylle Cline and Dale A. McConnell, Defendants.**

**Delbert K. CLINE, Lucylle Cline and Dale A. McConnell, Third-Party Plaintiffs,**

v.

**OLD REPUBLIC LIFE INSURANCE COMPANY, Third-Party Defendants.**

**Civ. A. No. 78–K–221.**

United States District Court, D. Colorado.

Oct. 30, 1978.

Martin H. Shore, Hellerstein, Hellerstein & Shore, Denver, Colo., for plaintiff.

Lynn Carter, McKie & Warner, P. C., Robert W. Hutchinson, Denver, Colo., for defendants.

John W. Patterson and Robert W. Hutchinson, Hays & Patterson, Denver, Colo., for third-party defendants.

MEMORANDUM AND ORDER

KANE, District Judge.

This matter is now before the court on third-party defendant's petition for removal to federal district court pursuant to 28 U.S.C. § 1441(c). Defendants and third-party plaintiffs have filed objections to the petition and the matter is now ripe for determination.

The action arises from a loan in the amount of $39,354 evidenced by a promissory note agreement between the plaintiff

lender, Avco Aurora Industrial Bank, and defendant borrowers. Upon defendants' default, plaintiff filed a complaint for recovery of the loan balance in District Court in and for Adams County, Colorado. Defendants responded by filing a third-party complaint in the state court against Old Republic Life Insurance Company, an Illinois corporation. Defendants base their third-party action on a life and disability insurance policy issued by Old Republic through plaintiff in connection with the loan. Defendants allege that Old Republic breached the terms of the policy by refusing to pay more than $10,000 to plaintiff when Mr. Cline became disabled. They assert that the insurance policy coverage was for the full amount of the loan and that their default resulted from Old Republic's denial of further liability on the disability policy.

The petition now before the court raises the question whether a third-party defendant is entitled to remove a case under § 1441(c). Since third-party claims are generally deemed to be ancillary and not dispositive of jurisdiction, the majority view expressed by courts and commentators on federal procedure is that "lack of federal jurisdiction over the main claim is not supplied by the introduction of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an independent action." 1A Moore, Federal Practice, ¶ 0.167[10], at 143.

The general removal statute, 28 U.S.C. § 1441, provides in its pertinent part:

(a) * * * Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. [Emphasis added.]

This statute has been strictly construed by most courts to limit the right of removal to defendants in the original action as provided in § 1441(a). *See generally,* 8 A.L.R.Fed. 708 (1971). Illustrative of this approach is *Sequoyah Feed & Supply Co., Inc. v. Robinson,* 101 F.Supp. 680 (W.D.Ark.1951), where the court held that, absent a specific congressional creation of a right to remove in third-party defendants, jurisdiction must be declined under § 1441(c). This result has been approved by Professor Wright who has severely criticized contrary results:

Analysis of those decisions that have permitted removal on the basis of third-party claims . . . makes it readily apparent that their reasoning is somewhat strained and that Section 1441(c) should not be interpreted as authorizing removal in these cases. In one of the most common situations—a third-party claim or cross-claim for indemnification—it is apparent that a separate and independent claim is not presented. Even in situations in which third-party claims or cross-claims are factually or legally so different from the main suit that they are separate and independent, it seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed. Of course, if removal under Section 1441(c) were allowed, it is possible for the court, in its discretion, to remand the jurisdictionally insufficient main case. But pursuing this course would increase the number of preliminary procedural steps necessary for selecting the forum and would vitiate some of the economy sought to be achieved by extending Section 1441(c) to third-party claims . . . .

Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3724, at 645–646.

A great danger in allowing removal by a third-party defendant is that a federal court would be compelled to try a case between original parties which has no independent basis for federal jurisdiction. *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.,* 208 F.Supp. 544 (S.D.N.Y.1962). As the Supreme Court stated in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941):

> * * * The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' * * * [Citations omitted.]

313 U.S. at 108–109, 61 S.Ct. at 872.

The petition at bar raises these serious concerns in regard to the federal jurisdictional limits. The original complaint was filed between two Colorado citizens disputing the obligations in a state contract. This court lacks subject matter jurisdiction over the action and the filing of a third-party complaint against a foreign corporation which insured the borrowers against default due to disability does not give this court jurisdiction over the matter. For the foregoing reasons,

IT IS ORDERED that third-party defendant's petition to remove is denied and this matter is remanded to the state court from which it came.