Gabriel Paul CROY, etc., et al.

v.

BUCKEYE INTERNATIONAL, INC., t/a
Peterson Baby Products

v.

APEX MILLS, INC., et al.

HOUSE OF FOAM, INC.

v.

The FIRESTONE TIRE & RUBBER
COMPANY, etc., t/a Corry Foam
Products Company.

Civ. No. K–79–1175.

United States District Court,
D. Maryland.

Dec. 20, 1979.

Jerome J. Seidenman and Henry E. Dugan, Jr., Baltimore, Md., for plaintiffs.

Phillips L. Goldsborough, III, Jon H. Grube and Smith, Somerville & Case, Baltimore, Md., for defendant Buckeye Intern., Inc.

Donald C. Allen, Baltimore, Md., for defendant Apex Mills, Inc.

James E. Gray and Semmes, Bowen & Semmes, Baltimore, Md., for defendant Harte & Co., Inc.

A & Z Knitting Mills, Inc., defendant pro se.

E. Dale Adkins, III, Baltimore, Md., for defendant Knickerbacker Toy Co., Inc.

William B. Whiteford and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for defendant House of Foam, Inc.

Edward S. Digges, Jr., Baltimore, Md., for defendant The Firestone Tire & Rubber Co.

FRANK A. KAUFMAN, District Judge.

Fourth party defendant Firestone Tire & Rubber Co., trading, insofar as this case is concerned, as Corry Foam Products Co. (Firestone), seeks to remove this case to this Court from the Superior Court of Baltimore City. Plaintiffs Gabriel Paul Croy, infant, and his mother (as next friend and as an individual), citizens of Maryland, who initially filed this suit against Peterson Baby Products (Peterson), an Ohio corporation with its principal place of business in Ohio, in the Superior Court of Baltimore City on or about April 12, 1978, have moved to remand. Plaintiffs allege injury to the infant plaintiff from a fire in his playpen and claim damages in excess of three million dollars.

In the year following April 12, 1978, five third party defendants were joined in the suit by Peterson: (1) third party defendant Apex Mills, Inc., a New York corporation with its principal place of business in New York; (2) third party defendant Harte & Co., Inc., a New York corporation with its principal place of business in New York; (3) third party defendant House of Foam, Inc., an Ohio corporation with its principal place of business in Ohio; (4) third party defendant A & Z Knitting Mills, Inc., a New York corporation with its former principal place of business in New York (apparently it is no longer doing business); and (5) third party defendant Knickerbacker Toy Co., a New Jersey corporation with its principal place of business in New Jersey. Neither defendant Peterson nor any third party defendant petitioned for removal. Discovery proceeded, with several depositions being taken in California and Maryland. Thereafter, on or about May 25, 1979, third party defendant House of Foam, Inc. named Firestone as a fourth party defendant in the Superior Court of Baltimore City. Firestone seemingly then learned for the first time of the institution of the case by plaintiffs. Firestone is an Ohio corporation with its principal place of business in Ohio. On June 22, 1979, Firestone removed the entire within case to this Court, apparently pursuant to 28 U.S.C. § 1441(a). On June 29, 1979, plaintiffs moved for remand of the case to the Superior Court of Baltimore City.

■ 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which 'the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters

not otherwise within its original jurisdiction.

The latter does not constitute a basis for removal in this case. That is because the suit between House of Foam and Firestone would not be "removable if sued upon alone" since both House of Foam and Firestone are Ohio corporations. In addition, even if diversity existed between them, House of Foam's claim against Firestone is not a "separate and independent claim or cause of action," but rather one for indemnification and/or contribution. *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321, 322 (N.D.Ill.1967).[1] Firestone does not contend that removal pursuant to 28 U.S.C. § 1441(c) is permitted [2] but instead argues that removal is proper under section 1441(a).

In this case, the original defendant did not petition for removal, although diversity jurisdiction pursuant to 28 U.S.C. § 1332 has at all times existed and continues to exist and defendant could have removed under 28 U.S.C. § 1441(a) if defendant had so desired and acted timely.[3] During the year after plaintiffs commenced this case, five third party defendants were brought into the suit by defendant, and discovery proceeded under the aegis of the state court. More than one year after the case was filed by plaintiffs, fourth party defendant Firestone was sued, and timely filed its petition to remove the entire case to this Court. In so doing, Firestone stated that its petition was filed "with the consent" of the defendant and the third party defendants, although the petition was filed by Firestone alone and was not signed by any other defendant.[4]

The question presented herein is whether or not a fourth party defendant is a defendant within the meaning of section 1441(a). The treatises and all the cases speak of third party defendants, and not of fourth party defendants. Apparently, the question of whether or not a fourth party defendant is entitled to removal of an entire case to federal court may be one of first impression. However, all considerations applicable to third party defendants would appear applicable to fourth party defendants, and perhaps become even stronger when so applied.[5] The leading treatises answer the question in the negative and conclude that a third party defend-

---

1. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3724 at 645.

2. Nor does Firestone assert that the suit by House of Foam against it should be severed from the original case and removed to federal court on its own. Such an argument would be untenable, as pointed out above, due to the absence of diversity between House of Foam and Firestone and the absence of a separate controversy between them.

3. However, defendant did not do so. Furthermore, even if there were not presently a time barrier to defendant's removal, defendant has probably waived any right to removal it may have had:

    A defendant may lose or waive the right to remove by taking some substantial defense action in the state court before petitioning for removal such as filing a counterclaim or engaging in discovery.

    Wright, Miller & Cooper, *supra* § 3721 at 541 (footnote omitted). Discovery in this case has been going on in state court for a number of months.

4. In *Nesti v. Rose Barge Lines, Inc.*, 326 F.Supp. 170, 171 (N.D.Ill.1971) (case remanded), Judge Napoli pointed out that "[t]he original defendant and the other third party defendants who were impleaded * * * did not join the removal petition nor have they participated in consideration of this motion." Neither the defendant nor any third party defendants filed any separate statement or any memorandum on the issue of the removability of this case to federal court although given the opportunity by this Court to do so. "Ordinarily, the petition for removal must be signed by all of the defendants * * *." Wright, Miller & Cooper, *supra* § 3731 at 718. *See* Moore's Federal Practice ¶ 0.161[1] at 198. Even if the third party defendants would have been entitled to removal of this entire case to federal court had they so petitioned, as to most or all of them the time within which such a petition must be filed had probably long since run by June 22, 1979. 28 U.S.C. § 1446(b).

5. Firestone has itself stated in a memorandum filed herein in this Court that "the considerations supporting removal by a fourth-party defendant are the same as for a third-party defendant."

ant is not a defendant within the meaning of section 1441(a), even if a third party defendant may in certain circumstances remove (as Firestone may not do herein) under section 1441(c). Wright, Miller & Cooper, *supra* § 3724 at 643–45, § 3731 at 716–18; *see also id.* § 3721 at 530, § 3723 at 590. *See* 1A Moore's Federal Practice ¶ 0.157[7] at 115 n.8, ¶ 0.167[10] at 413–20; *see also id.* at ¶¶ 0.161[1], 0.163[4.–6]. *A fortiori*, a fourth party defendant is likewise not a defendant within that statute. The statute neither explicitly includes nor excludes third party or fourth party defendants. The statute, however, must be read in the light of the principle requiring "strict construction" of removal jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (Stone, J.), the principle requiring rejection of federal jurisdiction in doubtful removal cases, *Irving Trust Co. v. Century Export & Import, S. A.*, 464 F.Supp. 1232, 1236 (S.D.N.Y.1979) (case remanded); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. 245, 248 (E.D.Pa.1971) (case remanded), the entirely statutory nature of removal jurisdiction, *Shamrock Oil, supra* 313 U.S. at 104, 61 S.Ct. 868, and considerations of comity, *id.* at 108–09, 61 S.Ct. 868, *Irving Trust, supra* at 1236. Read in the light of the above-mentioned considerations, this Court agrees that

> Sec. 1441(a) does not utilize the words "third-party defendant" but merely uses the word "defendant." To define the word defendant to mean not only the defendant in an original complaint but in addition a third-party defendant would be an unwarranted act of judicial legislation.

*White v. Baltic Conveyor Co.*, 209 F.Supp. 716, 719 (D.N.J.1962).[6]

In *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. *supra* at 248–49, a third party defendant argued that it should not be restricted to the state forum by the fact that the defendant did not petition for removal. The

Court, in remanding the case, rejected that contention, stating:

> Lasker-Goldman further argues, and not without appealing logic and persuasion, that as a third-party defendant or "additional defendant" it stands in a no different position than one who was joined originally as a defendant. Like an original defendant, a non-resident third-party defendant does not choose to litigate in the foreign forum and, it is argued, should not, therefore, be precluded from removing by the mere fortuity that it was joined as a third-party instead of as an original party.
>
> This argument, while appealing as a matter of logic, does not overcome the policy considerations which militate against judicial expansion of removal jurisdiction. The Reviser's notes to the removal statute clearly indicate that the argument that there is local prejudice against non-resident litigants has in great part fallen by the wayside * * *.
>
> Furthermore, we are persuaded by Professor Moore's analysis that Section 1441(c) is also limited to claims joined by the plaintiff. [Citations omitted.] This position is consistent with the well-established rule that the existence of a removable separate and independent claim or controversy is to be determined from the well-pleaded allegations of the plaintiff's complaint. * * *

In *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.*, 208 F.Supp. 544, 547 (S.D.N.Y.1962), in the course of remanding, the Court wrote: "This construction, allowing removal only by a plaintiff's defendant, is in full keeping with the directive of the Supreme Court in *Shamrock Oil & Gas Corp. v. Sheets*, 1941, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 * * *."

Perhaps the case most similar to the one at bar is *Fiblenski v. Hirschback Motors Lines, Inc.*, 304 F.Supp. 283 (E.D.Ark.1969). That case involved a collision between two tractor trailers belonging to plaintiff and defendant, respectively. The third party

---

**6.** *See also Avco Aurora Industrial Bank v. Cline*, 459 F.Supp. 857, 858 (D.Col.1978).

defendant, which was Firestone, sought removal. The Court raised, "on its own motion," the question of whether or not federal removal jurisdiction existed and, in so doing, noted:

There was and is complete diversity of citizenship between plaintiff and defendant, and the defendant unquestionably could have removed the case to this Court under the provisions of 28 U.S.C.A. § 1441(a). Instead of doing so, defendant filed an answer in the State court and also filed a third party complaint againse [sic] Firestone alleging negligence and breach of warranty * * *.

There was and is complete diversity of citizenship between Firestone, on the one hand, and both plaintiff and defendant, on the other hand, and the amount demanded by defendant from Firestone was potentially more than $10,000.

Within thirty days after being brought into the case, Firestone filed a petition and bond for removal of the case from the Circuit Court to this Court. Thereafter additional pleadings were filed, an insurance company intervened in the case, and some discovery was had. * *

*Id.* at 284. Citing to 1A Moore's Federal Practice ¶ 0.157[7] n.8, *id.* at 285, the federal court remanded the case to the state court.

*Fiblenski* presented at least as strong a case, if not a stronger case, for removal than the case at bar. While diversity in this case exists between the plaintiff and the fourth party defendant, it does not exist between the fourth party plaintiff and the fourth party defendant. In *Fiblenski*, a fair amount of substantive activity had apparently taken place in federal court prior to the remand. In the case at bar, interrogatories have been filed in this Court but not answered. They were almost all filed by Firestone as soon as the petition for removal had brought the case to this Court. In any event, the resulting discovery motions have lain dormant pending the outcome of

the removal issue. Furthermore, in the case at bar, discovery had been proceeding for a number of months in the state court prior to the filing of the removal petition.

The overwhelming weight of authority indicates that a third party defendant is not entitled to removal of an entire case to federal court under 28 U.S.C. § 1441(a). This case, which had been in progress for over a year prior to removal, does not present a compelling argument for deviating from that authority.[7]

In *Lowe's of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008 (M.D.Ala.1977), Judge Johnson, then a district judge, analyzed the question of removal of an entire case by third party defendants. That case involved a nondiverse plaintiff and defendant, and a diverse third party defendant. However, Judge Johnson turned first to the question of whether "a third-party defendant [is] a 'defendant' within the meaning of Section 1441(a)":

Both the leading commentators on federal procedure, Professors Wright and Moore, would deny third-party defendants the right to remove based on the third-party claim. [Citations omitted.] First, they interpret "defendant" in Section 1441(a) to exclude third-party defendants.

*Id.* at 1010. The Court noted: "Three cases which have rejected Professor Moore's position that a third-party defendant may not remove are from the Texas district courts." *Id.* at 1012. Judge Johnson, declining to follow those cases, adopted the position of the treatises and the majority of cases that a third party defendant is not entitled to removal. *Id.* at 1013.

As Firestone points out, there are cases which have permitted removal by third party defendants. However, those cases have for the most part not involved removal of the whole case, but rather removal of a severed third party case with an independent source of federal jurisdiction. *See, e. g., Central of Georgia Ry. Co. v. Riegel*

---

7. See also *Irving Trust Co. v. Century Export & Import, S. A.*, 464 F.Supp. 1232, 1240 (S.D.N.Y. 1979).

*Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970).

In *Bond v. Doig*, 433 F.Supp. 243, 249 (D.N.J.1977), the question of the right to removal of a third party defendant under section 1441(c) arose in a setting in which the third party's claim was arguably separate from and independent of the original claim. The Court in *Bond*, noting conflicting positions within the District of New Jersey, certified the issue to the Third Circuit and denied the petition for remand, pending decision by the Third Circuit. That decision was never rendered, however, as the case was subsequently dismissed by stipulation among the parties.

In *Ted Lokey Real Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D.Tex.1972), the latest of the three Texas district court cases referred to by Judge Johnson in *Lowe's, supra* at 1012, Judge Woodward denied in part a petition for remand. The case had been removed to federal court pursuant to the petition of the third party defendant under section 1441(c). The claim between the third party plaintiff and the third party defendant was found to be separate and independent. The Court did not hold that the third party defendant had the right to remove an entire case to federal court; rather, the Court stated that "a third-party defendant has the right to remove a separate and independent cause of action to a United States District Court." *Id.* at 743, noting, however, that there is authority to the contrary and that "Moore's Federal Practice indicates that only a defendant should have the right to remove, and not a third-party defendant." In *Ted Lokey*, the original claim between the plaintiff and the defendant was remanded to state court. As in *Central of Georgia Ry., supra*, the separate and independent claim was held properly removed as a separate case under section 1441(c).[8] Those cases do not stand for the proposition that a third party defendant has the right under section 1441(a) to remove an entire case to federal court. Rather, in those cases, the separate and indepen-

dent claim of the third party plaintiff against the third party defendant was removed, and the original claim was remanded, all pursuant to section 1441(c). The result in those cases depended upon the presence of a factually separate claim and an independent source of federal jurisdiction in the third party suit. Neither of those prerequisites is present in the case at bar.

For the foregoing reasons, this case will be remanded to the Superior Court of Baltimore City.

---

8. *See also Rafferty v. Frock*, 135 F.Supp. 292 (D.Md.1955) (Thomsen, C. J.), and *Industrial* *Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284 (D.N.J.1954).