GALEN–MED, INC., etc., Plaintiff,

v.

Farrell D. OWENS, et al., Defendants and Third–Party Plaintiffs,

v.

Benefit Plan Administrators, Inc., et al., Third–Party Defendants.

Civil Action No. 98–0202–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Jan. 19, 1999.

Kevin S. Blair, Woods, Rogers & Hazlegrove, P.L.C., Roanoke, VA, for Galen-Med, Inc. and Benefit Plan Adm'rs., Inc.

Susan Gumm Kennedy, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, VA, for Farrell Owens and Millie Owens.

Mark L. Booz, First Virginia Banks, Inc., Falls Church, Va, for First Virginia Banks, Inc.

## OPINION

JONES, District Judge.

The question in this case is whether a third-party defendant may remove an action from state court, based on federal subject-matter jurisdiction. Since I find that a third-party defendant is not a "defendant" within the meaning of the removal statute and because the third-party action here is not a separate and independent claim, I hold that there is no removal jurisdiction.

### I. Background.

The plaintiff, Galen–Med, Inc., trading as Clinch Valley Medical Center, filed a warrant in debt in the General District Court of Tazewell County, Virginia, to collect $7,733.65 in charges from Farrell and Millie Owens arising from the defendant Millie Owens's hospitalization. The defendants in turn filed a third-party motion for judgment against Benefit Plan Administrators, Inc. and First Virginia Banks, Inc. The Owens have not admitted the charges, but contend that any charges found to be due should have been paid under a group health insurance plan administered by Benefit Plan Administrators, Inc., on behalf of Premier Bankshares Corporation, the former employer of Ferrell Owens. First Virginia Banks, Inc. is alleged to be the successor to Premier Bankshares Corporation.

Thereafter, Benefit Plan Administrators, Inc. filed a notice of removal of the action to this court. The third-party defendant contends that the third-party plaintiffs' state law claims, as set forth in the third-party motion for judgment, are preempted under title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001–1144 (West 1999).

Following removal, I exercised my authority to examine the court's subject matter jurisdiction sua sponte and directed Benefit Plan Administrators, Inc. to file a memorandum as to the jurisdiction of the court. That memorandum, and an answering memorandum by the third-party plaintiffs, have now been filed and the issue is ripe for decision.

### II. Analysis.

The third-party defendant's notice of removal was made pursuant to 28 U.S.C.A. § 1441. That statute provides in pertinent part as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(a), (c) (West 1994).

There are two questions presented in making the determination whether the third-party defendant can remove this state action to federal court. The first is whether the third-party defendant is considered a "defendant" within the meaning of section 1441(a). The second is whether the third-party action is a "separate and independent claim or cause of action" as required under section 1441(c).

Subsections 1441(a) and 1441(c) provide different avenues for seeking removal and impose different requirements. Accordingly, each subsection must be addressed in turn through a separate analysis. In so doing, I rely on the established principles that the removing party has the

burden of establishing that the statutory requirements have been met, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921), that removal statutes are to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and that doubts on the question should be resolved in favor of remanding the case to state court. *See Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md.1997).

### A. Is the Third–Party Defendant a "Defendant" Within the Meaning of 28 U.S.C.A. § 1441(a)?

■ The first method for removing a case to federal court is provided under 28 U.S.C.A. § 1441(a), which allows removal for cases in which the federal courts would have had original jurisdiction. Under the well-pleaded complaint rule, a federal court has jurisdiction over a removed case where the federal question is presented on the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A case generally may not be removed on the basis of the defense of preemption, even if the defense is anticipated in the complaint. *Id.* at 393, 107 S.Ct. 2425. If Congress completely preempts state law in a particular area, as in ERISA, however, any such claim necessarily authorizes federal jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Although the original claim and third-party motion for judgment here do not present federal questions, the third-party defendant filed a notice of removal averring that "the medical benefits plan, including the coverage afforded by [Benefit Plan Administrators, Inc.], is an employee welfare benefit plan subject to and governed by, [ERISA]" and, thus the state law claim is preempted. (Notice of Removal, Nov. 25, 1998, at 2.) Accordingly, this court would have had jurisdiction if the original action had been filed against Benefit Plan Administrators, Inc. and First Virginia Banks, Inc.

The fact that ERISA preempts any state law claim against the third-party defendants and that this court would have had original jurisdiction, however, does not necessarily enable the third-party defendant to seek removal. The removal statute, 28 U.S.C.A. § 1441(a), only allows removal by the "defendant or defendants" and I must first consider whether the third-party defendant can be considered a "defendant" within the meaning of the statute.

The leading commentators assert that third-party defendants are not defendants and, accordingly, that removal by third-party defendants should not be permitted. For example,

> [t]he better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.... [T]hird party defendants are not *defendants* within the meaning of the removal statute....

16 James W. Moore, *Moore's Federal Practice* § 107.11[1][b][iv] (Daniel R. Coquillette et al. eds., 3d ed.1998) (emphasis in original). *See also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3731 (3d ed. 1998) ("The limitations in the statute have been interpreted strictly by the federal courts, who often speak of the right of removal to being limited to 'true' defendants. Thus, the plaintiffs cannot remove ... nor can third-party defendants brought into the state action by the original defendants.").

Despite the positions taken by these commentators, there is an argument that the federal removal statute does cover third-party defendants. As the Northern District of Illinois stated in *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.*, a third-party defendant,

had never voluntarily submitted itself to the jurisdiction of the state court. It was dragged into state court by service of process the same way that any other "defendant" is brought into court.... [It] is as much a defendant as if the case had been originally brought against it. [It] has been sued in the only meaningful sense of the word—has been haled into court involuntarily and must defend an action for relief against it. That makes [it] a "defendant."

563 F.Supp. 1108, 1113 (N.D.Ill.1983) (footnotes omitted). This position has garnered some support in the Fourth Circuit, *see Soper v. Kahn*, 568 F.Supp. 398 (D.Md. 1983) ("the court is particularly persuaded by the scholarly consideration of this issue in *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.*"), but has not been universally embraced within this circuit and is not the majority rule. *See Croy v. Buckeye Int'l, Inc.*, 483 F.Supp. 402 (D.Md.1979) ("The overwhelming weight of authority indicates that a third-party defendant is not entitled to removal of an entire case to federal court under 28 U.S.C. § 1441(a)."); *Hayduk v. United Parcel Serv., Inc.*, 930 F.Supp. 584, 589 (S.D.Fla.1996) ("Nearly every court that has considered the question whether a third-party defendant may remove under § 1441(a) has determined that they may not.").

■ The majority view, that third-party defendants are not "defendants" for purposes of removal under 28 U.S.C.A. § 1441(a), is the better rule. Although the statute "neither explicitly includes nor excludes third-party ... defendants, [it] must be read in light of the principle requiring 'strict construction' of removal jurisdiction, the principle requiring rejection of federal jurisdiction in doubtful removal cases, the entirely statutory nature of removal jurisdiction, and considerations of comity." *Croy*, 483 F.Supp. at 405 (citations omitted).[1]

Accordingly, I find that removal is not permitted in this case under 28 U.S.C.A. § 1441(a).

### B. Are the Third–Party Claims "Separate and Independent" from the Original Suit?

■ A finding that third-party defendants are not properly considered defendants under 28 U.S.C.A. § 1441(a), however, does not necessarily defeat removal. A third-party defendant can also seek to remove a claim under 28 U.S.C.A. § 1441(c), provided it establishes that the third-party claim is a separate and independent claim or cause of action from the original claim. *See Soper v. Kahn*, 568 F.Supp. at 401 ("Although it may not be recognized as such, there is an intermediate position in which courts have held that a third-party defendant may not remove under § 1441(a) but may remove under § 1441(c) presumably because there is no literal reference to defendants.").

Among the numerous cases on this subject, there is a greater willingness to allow removal under section 1441(c) than under section 1441(a). A leading case in support of removal under 1441(c) is *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980). In that case, the Fifth Circuit held that an action involving a third-party claim for indemnity was removable because the claim "presents a real controversy, not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered." *Id.* at 136. The Fifth Circuit also found that "the language of the statute does not require only those causes of action joined by the defendant to

---

1. Comity is an important consideration in construing the removal statutes. Even assuming ERISA applies to the third-party claim here, the state courts have concurrent jurisdiction to apply this federal law. *See* 29 U.S.C.A. § 1132(e)(1). The General District Court of Tazewell County is perfectly capable of resolving the ERISA questions raised by the third-party action.

form the basis of removal." *Id.* Accordingly, the Fifth Circuit allowed the third-party defendant to remove the case under section 1441(c).

The Fifth Circuit decision in *Carl Heck,* however, represents a minority view. The Eighth Circuit, in *Lewis v. Windsor Door Co.,* 926 F.2d 729, 733 (8th Cir.1991), expressed the view that "[w]e do not, however, believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog. Moreover, third-party claims in one view are too ancillary to the main action to be classified as separate and independent claims." Similarly, the Seventh Circuit, in *Thomas v. Shelton,* 740 F.2d 478 (7th Cir.1984), found that section 1441(c) did not allow third-party removal. The Seventh Circuit opined that any third-party claim for indemnity, such as asserted in this case, is not "independent" of the non-removal claims, within the meaning of section 1441(c). *Id.* at 486.

Within the district courts of the Fourth Circuit, there is disagreement as to whether third-party defendants are ever entitled to remove under section 1441(c). In *Rafferty v. Frock,* 135 F.Supp. 292 (D.Md. 1955), the district court permitted a third-party defendant insurance company to remove pursuant to section 1441(c), on the ground that there was a "separate and independent claim or cause of action" because the original case involved questions of negligence while the third-party defendant was sued on a claim of indemnity which involved questions of contract law. In *Soper v. Kahn,* the district court recognized that third-party defendants, in general, might remove under section 1441(c), but found that in the specific case at hand, there was no separate and independent claim or cause of action. As the court stated, "I am persuaded to agree with the fifth circuit in *Carl Heck, supra,* that the 'more rational view' is to allow a third party complaint to remove provided that

'the third-party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court.'" *Soper,* 568 F.Supp. at 402 (quoting *Carl Heck,* 622 F.2d at 135–36).

Other district courts within the Fourth Circuit, however, have been resistant to allowing third-party defendants to remove cases under 1441(c). *See Continental Resources & Mineral Corp. v. Continental Ins. Co.,* 546 F.Supp. 850, 851 (S.D.W.Va. 1982) ("Considerations of statutory construction and the policy of declining to exercise jurisdiction in doubtful cases require this court to hold that 28 U.S.C. § 1441(c) does not afford a third-party defendant a basis for removal.") *See also Folts v. City of Richmond,* 480 F.Supp. 621, 625 (E.D.Va.1979) (holding that cross-claim is not removable).

Even without the doubts cast by the Seventh and Eighth Circuits, and the inconsistencies within the Fourth Circuit, the third-party defendant in this case would have a difficult burden in showing that the case is removable under section 1441(c). Although the Supreme Court has allowed a separate removal avenue under section 1441(c), the Court also established a "strict view" of which cases are "separate and independent" and thus removable under the statute. *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951) ("We conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).").

In cases such as this, where the third-party action seeks indemnity for an original claim of breach of contract, the weight of the authority supports the conclusion that the original and third-party complaints in this case are not "separate and independent" and, thus, not removable. As the Northern District of Illinois stated in *University of Chicago Hospital & Medical Center v. Rivers,* "if the third-

party defendants had paid the benefits [the defendant] alleges they were obligated to pay, the [plaintiff] would have no reason to sue.... The claims are not independent, but rather interlock with each other. Section 1441(c), therefore, does not permit removal." 701 F.Supp. 647, 649 (N.D.Ill. 1988). *Accord Patient Care, Inc. v. Freeman,* 755 F.Supp. 644, 651 (D.N.J.1991); *Sunny Acres Skilled Nursing v. Williams,* 731 F.Supp. 1323 (N.D.Ohio 1990); *Andrews v. Electric Motor Sys., Inc.,* 767 F.Supp. 853, 856 (S.D.Ohio 1991).[2]

The foundation of this suit is whether Mr. and Mrs. Owens owe Galen–Med, Inc., unpaid medical bills. The third-party motion for judgment avers that, if such amounts are owed, payment should be made by the employer's benefit plan. The third-party action, regardless of whether it implicates ERISA, is dependent on the resolution of the original claim. Accordingly, the third-party action does not present a separate and independent claim or cause of action.

### III. Conclusion.

For the foregoing reasons, I find that removal of this action was improper and the court is without subject matter jurisdiction and I will remand this case to the state court.

### FINAL ORDER

For the reasons set forth in the opinion accompanying this final order, it is **ORDERED AND ADJUDGED** that this case is remanded to the General District Court of Tazewell County, Virginia.

The clerk is directed to close the case. The clerk will send copies of the opinion

and this order to counsel for the parties and to the clerk of the state court.

---

**2.** Those cases where the district courts have held that a suit for indemnity is separate and independent from the original contract suit are focused in districts governed by the precedent established in *Carl Heck. See Jefferson Parish Hosp. Dist. # 2 v. Harvey,* 788 F.Supp. 282 (E.D.La.1992); *Charter Medical Corp. v. Friese,* 732 F.Supp. 1160 (N.D.Ga.1989); *and*

*Hayduk v. United Parcel Serv., Inc.,* 930 F.Supp. 584, 593 (S.D.Fla.1996) ("This court, however, is bound by the Fifth Circuit's opinion in *Carl Heck* which makes specific provision for third-party removal where the separate and independent federal causes of action exist.").