Janet L. **FLORENCE**

v.

**ABM INDUSTRIES, INC., et al.**

v.

**CANADA LIFE ASSURANCE CO., and 9135 PISCATAWAY ROAD, LLC**

No. CIV.A. DKC2002–1588.

United States District Court,
D. Maryland.

Oct. 17, 2002.

John F. Calabrese, Willowner, Calabrese & Rosen, College Park, MD, for Plaintiff.

Edward J. Lopata, Scott Anthony Thomas, Tydings and Rosenberg LLP, Baltimore, MD, Thomas S. Basham, Brizendine and Nilsson, Timonium, MD, Michael L. Dailey, Schmidt and Dailey, Baltimore, MD, for Defendants.

**MEMORANDUM OPINION**

CHASANOW, District Judge.

Concerned that it may lack subject matter jurisdiction over the case, the court, *sua sponte*, ordered Third–Party Defendant Canada Life Assurance Company ("Canada Life") to show cause why this action should remain in this court and not be remanded back to the Circuit Court for Prince George's County, Maryland. The issue has been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons that follow, the case is remanded to the Circuit Court for Prince George's County.

**I. Background**

Plaintiff Janet L. Florence filed this suit against ABM Industries, Inc. (d/b/a Amtech Elevator Services) and Pinnacle Realty Management Company based on injuries she allegedly sustained in an elevator in the Randolph Building located at 9135 Piscataway Road in Clinton, Maryland. Defendant Amtech Elevator Services ("Amtech") then filed a third-party complaint for indemnification and contribution against Canada Life and 9135 Piscataway Road, LLC ("Piscataway"), the former and current owners of the Randolph Building, respectively.[1] On May 2, 2002, Canada

---

1. On or about July 3, 1996, Canada Life and Amtech entered into a contract whereby Amtech agreed to provide elevator maintenance services for the elevators of the Randolph Building. That contract contained an indem-

nification clause, which provided that Amtech would inform Canada Life of safety defects that came to Amtech's attention while carrying out its regular duties. The clause further

Life filed a notice of removal from the Circuit Court for Prince George's County, Maryland to this court on the basis of diversity of citizenship between Third–Party Plaintiff Amtech and both of the Third–Party Defendants. Amtech is a resident of the State of California, Canada Life is a Canada corporation with its principal place of business in Toronto, Ontario, and Piscataway is a Maryland corporation located in Bethesda, Maryland.

Because of the unusual circumstances presented by this removal, this court issued a Show Cause Order directing Canada Life to submit additional information in support of removal. Canada Life submitted its memorandum in support of removal on May 23, 2002, and Plaintiff Florence submitted a memorandum in opposition on June 17, 2002.

## II. Analysis

Federal courts are reluctant to interfere with matters properly before a state court, and doubts regarding removal are to be resolved in favor of remanding the case to state court. *See Richardson v. Phillip Morris, Inc.,* 950 F.Supp. 700, 702 (D.Md. 1997). Accordingly, in order to ensure that removal in this case was proper, the

court issued a Show Cause Order directing Canada Life to address the issue of whether a third-party defendant, as opposed to a defendant to the original complaint, may remove an action to federal court.[2]

Canada Life responded in its memorandum in support, citing *Rafferty v. Frock,* 135 F.Supp. 292 (D.Md.1955), that a third-party defendant may remove a case to federal court under 28 U.S.C. § 1441(c) in cases where the third-party complaint is sufficiently unrelated to the main claim so as to constitute a "separate and independent claim or cause of action." That statutory provision currently is inapposite, however, because it applies only to removal of cases where a "separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action . . . " (emphasis added).[3] Section 1331 pertains to "civil actions arising under the Constitution, laws, or treaties of the United States." There is no federal question in the instant case, which is based on state law tort and contract claims. Therefore, 28 U.S.C. § 1441(c) is not the correct statute under which to analyze the ability of

provided that if Canada Life did not authorize Amtech to repair such safety defects, Canada Life would hold Amtech harmless from any resultant claim, loss, liability or injury.

2. The Show Cause Order also directed Canada Life to demonstrate whether Piscataway was properly joined as a defendant and served prior to removal by Canada Life. Under 28 U.S.C. § 1441(b), diversity actions may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Third–Party Defendant Piscataway is a citizen of Maryland. Thus, if Piscataway was properly joined and was served prior to removal, the case may not be removed.

Canada Life filed the Notice of Removal with this court on May 2, 2002. Canada Life

now submits an Affidavit of Service by Scott A. Thomas of Tydings & Rosenberg, LLP stating that Piscataway was served with Amtech's Third–Party Complaint on May 7, 2002. Because Piscataway was not served prior to removal by Canada Life, removal is proper under 28 U.S.C. § 1441(b). This proves irrelevant, however, because as discussed in this opinion, Canada Life lacks the ability as a third-party defendant to remove the case to federal court.

3. The statute was amended on December 1, 1990 by the Judicial Improvements Act of 1990, Pub.L.No. 101–650, Title III, § 312, 104 Stat. 5114 to its present form with regard to section 1331. Thus, cases interpreting § 1441(c) prior to that amendment are inapposite.

Third–Party Defendant Canada Life to remove to federal court.

The applicable statutory provision in this case is 28 U.S.C. § 1441(a), which states in relevant part that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

A majority of courts addressing the ability of third-party defendants to remove a case under this provision have ruled that third-party defendants cannot remove because they are not "defendants" for purposes of removal. *See, e.g., Galen–Med, Inc. v. Owens,* 41 F.Supp.2d 611 (W.D.Va.1999); *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1108 (E.D.Pa.1982); *Croy v. Buckeye Int'l, Inc.,* 483 F.Supp. 402, 406 (D.Md.1979).[4] These courts have largely based their decisions on the well-established principle that removal statutes are to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and have noted that Section 1441(a) does not utilize the words "third-party defendant" but merely uses the words "the defendant or the defendants." *See, e.g., Croy,* 483 F.Supp. at 405.

Although the statute "neither explicitly includes nor excludes third party ... defendants, [it] must be read in light of the principle requiring 'strict construction' of removal jurisdiction, the principle requiring rejection of federal jurisdiction in doubtful removal cases, the entirely statutory nature of removal jurisdiction, and considerations of comity." *Id.* (citations omitted). In strictly construing 28 U.S.C. § 1441(a), it has been noted that a prior version of the statute allowed " 'either party or any one or more of the plaintiffs or defendants' " to remove, indicating that in adopting the current language, Congress intended to restrict removal jurisdiction solely to the defendant to the main claim. *Soper v. Kahn,* 568 F.Supp. 398, 401 (D.Md.1983) (*citing Share,* 550 F.Supp. at 1108 (*quoting* section 12 of the Judiciary Act of 1875)). The court agrees with this reasoning and therefore finds that third-party defendants are not "defendants" for the purpose of removal under 28 U.S.C. § 1441(a). Accordingly, Third–Party Defendant Canada Life does not have the ability to remove this case to federal court.

### III. Conclusion

For the foregoing reasons, the case will be remanded back to the Circuit Court for Prince George's County. A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ____ day of October, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. This case BE, and the same hereby IS, REMANDED in its entirety to the Circuit Court for Prince George's County, Maryland;

---

4. This view is also shared by several leading commentators. *See* 16 James W. Moore, *Moore's Federal Practice* § 107.11[1][b][iv](Daniel R. Coquillette et al. eds., 3d ed.1998) ("[t]he better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove...."); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3731 (3d ed.1998).

2. The Clerk is directed to take all necessary steps to effectuate the remand promptly; and

3. The Clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.