Tammie SANFORD, Plaintiff,

v.

PREMIER MILLWORK & LUMBER CO., INC.; George Melnyk, Sr.; George Melnyk, Jr.; and Carol Melnyk, Defendants and Third–Party Plaintiffs,

v.

Optima Health Plan, Third–Party Defendant.

No. CIV.A. 2:02CV790.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 10, 2002.

T. Gregory Evans, Esquire, W. Everett Lupon, Esquire, The Joynes & Gaides Law Group, Virginia Beach, VA, for Plaintiff.

Philip L. Russo, Jr., Esquire, Schafer & Russo, Virginia Beach, VA, for Defendants and Third–Party Plaintiffs.

Charles M. Sims, Esquire, LeClair Ryan, Richmond, VA, for Third–Party Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's motion to remand. For the rea-sons stated below, the court **GRANTS** plaintiff's motion.

On February 1, 2002, plaintiff Tammie Sanford ("Sanford") filed a complaint in the Circuit Court of Virginia Beach against defendants Premier Millwork & Lumber Co., Inc.; George Melnyk, Sr.; George Melnyk, Jr.; and Carol Melnyk (collective-ly "Premier"), alleging breach of contract and fraud. Premier served third-party de-fendant Optima Health Plan ("Optima") with a third-party motion for judgment on September 16, 2002. On October 7, 2002, Optima filed a notice of removal with this court pursuant to 28 U.S.C. §§ 1441 and 1446; this notice was subsequently filed with the Circuit Court of Virginia Beach on October 9, 2002. Optima then filed a motion to dismiss with supporting memo-randum on October 15, 2002. Premier filed a motion to dismiss and a motion to remand, with memoranda in support, on October 24, 2002. Sanford filed a motion to remand and memorandum in support on November 7, 2002. Optima filed a memo-randum in opposition to plaintiff's motion to remand on November 21, 2002. Be-cause plaintiff's motion to remand affects the court's power to hear this case, it will be addressed prior to the remaining mo-tions. The court has reviewed all of the documents submitted, and this matter is ripe for review.

■■■ Sanford alleges that she paid premiums to Premier for group health in-surance coverage and that Premier failed to provide the coverage promised. In its third-party motion for judgment against Optima, Premier maintains that it had a contract with Optima to provide group cov-erage and that Optima breached that con-tract in its failure to provide coverage and in its failure to notify Sanford that it was not providing coverage. In its notice of

removal, Optima contends that the claims at issue, though they are state law claims, are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a). The ERISA claims, according to Optima, are so federal in character that they arise under federal law for purposes of 28 U.S.C. § 1331. Typically, a case cannot be removed unless the federal question appears on the face of the complaint; federal defenses cannot form the basis of removal. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). However, where ERISA results in complete preemption, federal jurisdiction is authorized. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63–65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Given that there is a federal claim such that the court could have original jurisdiction, there are two questions to be answered in determining whether this case must be remanded. The first is whether a third-party defendant has the power to remove an action from state to federal court under 28 U.S.C. § 1441(a). The second is whether the third-party action is a "separate and independent claim or cause of action" such that it may form the basis for removal under 28 U.S.C. § 1441(c).

■ The court finds that a third-party defendant is not permitted to remove an action from state to federal court under 28 U.S.C. § 1441(a). Section 1441(a) provides that cases where the federal courts would have original jurisdiction "may be removed by the defendant or defendants" to federal district court. It is true that some courts have interpreted § 1441(a) as allowing removal by third-party defendants. *Soper v. Kahn,* 568 F.Supp. 398, 402–03 (D.Md. 1983); *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.,* 563 F.Supp. 1108, 1113 (N.D.Ill.1983). However, the majority rule, and, in the eyes of this court, the

better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a). *Galen–Med, Inc., v. Owens,* 41 F.Supp.2d 611, 614 (W.D.Va.1999) (citing *Croy v. Buckeye Int'l, Inc.,* 483 F.Supp. 402 (D.Md.1979) and *Hayduk v. United Parcel Serv., Inc.,* 930 F.Supp. 584, 589 (S.D.Fla.1996)); 16 James Wm. Moore, Moore's Federal Practice § 107.11(1)(b)(iv) (Daniel R. Coquillette et al. eds., 3d ed.2002).

Optima seeks, in the alternative, to remove the third-party claim asserted against it on the grounds that it is a separate and independent claim, removable under 28 U.S.C. § 1441(c). As the court in *Galen–Med* recognized, "[w]ithin the district courts of the Fourth Circuit, there is disagreement as to whether third-party defendants are ever entitled to removal under § 1441(c)." 41 F.Supp. at 615. *See also Folts v. City of Richmond,* 480 F.Supp. 621, 625 (E.D.Va.1979) ("Leading commentators and the majority of courts concur that § 1441(c) should not be interpreted to authorize removal by third-party or cross-claim defendants.") Allowing the third-party defendant to remove under 1441(c) simply provides an end-run around § 1441(a), under which the court has found third-party defendants to be unable to remove.

■ Even if removal were available, however, Optima cannot meet the burden of proving that the third-party claim is a separate and independent action such that it may form the basis for removal as provided in § 1441(c). The Supreme Court has set a high hurdle, finding that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In

the instant case, Sanford alleges that Premier failed to provide coverage for which she paid, thereby breaching its contract with her. The third-party complaint alleges that Optima breached its contract with Premier and covered employees and seeks contribution and indemnification if Premier is found liable for Sanford's lack of coverage. It is clear that the third-party complaint is not separate and independent—the single wrong in this case is the alleged failure to provide promised insurance coverage. The resolution of the third-party claim is intertwined with resolution of the original claim. Therefore, even if third-party defendants can remove under § 1441(c), the third-party claim in the instant case is not separate and independent and the claim cannot form the basis for removal under § 1441(c).

For the reasons stated above, plaintiff's motion is GRANTED and the instant case is remanded to the Circuit Court for the City of Virginia Beach.

The Clerk is **DIRECTED** to forward a copy of this order to counsel for all parties.

**IT IS SO ORDERED**.